JOHN A. HOLMES *vs.* THE CONTINENTAL CASUALTY COMPANY.

Aroostook.    Opinion December 18, 1906.

*Insurance.    Accident Policy.    Illness Indemnity.    " Rheumatism."*

The plaintiff was insured by a policy of accident insurance issued by the defendant, in which the latter, upon the conditions named in the policy, promised to pay the insured " an illness indemnity of thirty dollars per month, or at that rate for any proportionate part of a month for the time, after the first week, the insured is necessarily and continuously confined strictly in the house, and being regularly visited by a legally qualified physician, by reason of acute illness that is contracted and begins after this policy has been in full force and effect, without delinquency, for thirty consecutive days immediately preceding the commencement of such illness."    The policy also contained this clause :  " or in case of illness resulting from tuberculosis, rheumatism, paralysis, lumbago, or lame back sciatica, varicose veins, venereal diseases, dementia or insanity ; then, in all such cases referred to in this paragraph, the limit of the company's liability shall be one-tenth of the amount which would otherwise be payable under this policy, anything to the contrary herein notwithstanding."

During the period covered by the policy, the plaintiff was sick with rheumatic fever and was entitled, under the contract of insurance, to recover the sum of forty dollars unless that amount should be reduced to one-tenth thereof by reason of the provision in the policy above quoted. *Held:* that the disease with which the plaintiff suffered although acute, was one form of rheumatism and must be considered to have been included within the meaning of the word "rheumatism" as it was used in the policy.

On report.    Judgment for plaintiff.

Action of assumpsit to recover $40 as an illness indemnity for total disability under a policy of insurance issued by the defendant company.

Tried at the December term, 1905, of the Supreme Judicial Court, Aroostook County.    At the conclusion of the evidence it was agreed to report the case to the Law Court for decision.

The material facts appear in the opinion.

*E. A. Holmes and John E. Magill,* for plaintiff.

*Shaw & Lewin,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J.   The plaintiff was insured by a policy of accident insurance issued by the defendant, in which the latter, upon the conditions named in the policy, promised to pay the insured, quoting from the policy : "An illness indemnity of thirty dollars per month, or at that rate for any proportionate part of a month for the time, after the first week, the insured is necessarily and continuously confined strictly in the house, and being regularly visited by a legally qualified physician, by reason of acute illness that is contracted and begins after this policy has been in full force and effect, without delinquency, for thirty consecutive days immediately preceding the commencement of such illness." The policy also contained this clause; "or in case of illness resulting from tuberculosis, rheumatism, paralysis, lumbago or lame back sciatica, varicose veins, venereal diseases, dementia or insanity; then in all such cases *referred to* in this paragraph, the limit of the company's liability shall be one-tenth of the amount which would otherwise be payable under this policy, anything to the contrary herein notwithstanding."

It is admitted that the plaintiff had performed all the conditions of the policy ; that during the period covered by the policy he was sick with rheumatic fever, and that he is entitled to recover, under the contract of insurance, the amount sued for, forty dollars, unless that amount should be reduced to one-tenth thereof by reason of the provision in the policy last quoted.   The question is, therefore, whether rheumatic fever is included by the term " rheumatism " as that word is used in the policy.   The contention of the plaintiff is that by the use of this word the parties meant chronic rheumatism ; that rheumatic fever is an acute sickness or disease and consequently was not included within the meaning of the word ; that there was no reason why the company should have excluded from the full benefit of its indemnity a person suffering with any acute sickness. But the parties did not use any adjective descriptive of the kind of rheumatism intended, they simply used the word " rheumatism," which is defined in the Century Dictionary as follows:   " The disease

specifically known as acute articular rheumatism. The name including also sub-acute and chronic forms apparently of the same causation." In the same dictionary acute articular rheumatism is thus defined : "An acute febrile disease, with pains and inflammation of the joints as the prominent symptoms."

The plaintiff suffered with rheumatic fever which is acute articular rheumatism, this is the first definition given in the Century Dictionary of the word "rheumatism," as above quoted. Rheumatism may be either articular or muscular, and it may be either acute or chronic. We are unable to say that by the use of this word in the contract the parties intended to include one form and exclude another. Apparently they used the word with its ordinary meaning, which includes all forms, articular and muscular, acute and chronic. The disease with which the plaintiff suffered although acute, was one form of rheumatism, and must be considered to have been included within the meaning of the word as it was used.

The plaintiff's argument that the language in the clause last quoted from the policy was only intended to reduce the indemnity when the insured was suffering from one of the diseases mentioned in a chronic form, loses much of its force from the fact that, by the contract, the insurer only agreed to pay an illness indemnity when "the insured is necessarily and continuously confined strictly in the house, and being regularly visited by a legally qualified physician, by reason of acute illness." But this particular acute illness was specially provided for, and the amount of indemnity reduced by the provision which we have quoted.

Under the terms of the stipulation by which the case was reported to the Law Court, the plaintiff is entitled to a judgment for the reduced amount.

*Judgment for plaintiff for $4.*
*One quarter costs will follow.*