### APPEL v. PEOPLE'S SURETY CO.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

1. INSURANCE (§ 514*)—INDEMNITY POLICY—CONSTRUCTION—CONDITIONS.

An indemnity policy provided that no action would lie thereunder unless brought by assured for "loss actually sustained and paid in money" in satisfaction of a judgment, nor. unless brought within 90 days after such judgment by a court of last resort against assured had been so paid and satisfied. *Held*, that payment of a judgment so recovered in accordance with such provisions was a condition precedent to assured's right to recover on the policy, which clause was not waived by the insurer's repudiating any liability under the policy, and refusing to further defend an action brought against insured after unsuccessfully defending the action.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1298; Dec. Dig. § 514.*]

2. INSURANCE (§ 371*)—"WAIVER."

The doctrine of "waiver" is not peculiar to insurance contracts. To constitute a technical waiver, there need only be an intention to waive, either expressed or plainly to be inferred from circumstances.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 943–946; Dec. Dig. § 371.*

For other definitions, see Words and Phrases, vol. 8, pp. 7375–7381; vol. 8, pp. 7831–7832.]

3. INSURANCE (§ 371*)—ESTOPPEL.

Insurer was not estopped to deny liability on a policy where plaintiff was not misled by defendant's conduct.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 941–946; Dec. Dig. § 371.*]

Appeal from Appellate Term.

Action by. Samuel Appel against the People's Surety Company. Appeal by permission from a determination of the Appellate Court affirming a judgment of the City Court entered on a directed verdict in favor of plaintiff. Reversed, and new trial ordered.

See, also, 143 App. Div. 931, 128 N. Y. Supp. 1112.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Dean Potter, for appellant.
Samuel Bitterman, for respondent.

MILLER, J. This is an action on a policy of indemnity insurance issued by the defendant to the plaintiff. The plaintiff was sued on a claim arising out of an accident covered by the policy. The defendant, the surety company, unsuccessfully defended the suit, and then wrote this plaintiff, repudiating all liability under the policy, on account of alleged breaches by the plaintiff of conditions C and N, and consenting that other attorneys be substituted in place of the attorneys of the surety company in case the plaintiff desired to take any further action. Thereupon the plaintiff, without paying the judgment, brought this suit. The important questions involved are, first, whether the policy indemnified the plaintiff against liability as well as against loss; and, second, in case the policy should be construed as an indemnity against liability, whether the repudiation of liability by the defendant constituted a waiver of condition F. The following is the material part of the body of the policy:

"The People's Surety Company of New York, hereinafter called the company, hereby agrees to indemnify Sam Appel hereinafter called the assured, for a period of twelve months, beginning on the seventh day of February, 1907, noon, and ending on the seventh day of February, 1908, noon standard time at the place where this policy has been countersigned. This policy shall only cover losses sustained by and liability for any claims against the assured as a result of the risk specified in the contract or contracts hereto attached and is issued and accepted upon the condition that all the provisions printed on the slip or slips attached to this policy are accepted and shall be fulfilled by the assured as part of this contract as fully as if they were recited at length over the signature hereto affixed."

The conditions attached to the policy are headed:

"General Liability against Loss from the Liability Imposed by Law upon the Assured for Damages on Account of Bodily Injuries or Death, Accidentally Suffered while this Policy is in Force, by Any Person or Persons while within the Premises Described in the Schedule, or upon the Sidewalk or Other Ways Immediately Adjacent Thereto Provided for the Use of Employés or the Public, Subject to the Following Conditions."

Then follow conditions A to N; condition F being as follows:

"No action shall lie against the company to recover for any loss under this policy unless it shall be brought by the assured for loss actually sustained and paid in money by the assured in satisfaction of a judgment after trial of the issue; nor unless such action is brought within ninety (90) days after such judgment, by a court of last resort, against the assured has been so paid and satisfied. The company does not prejudice by this condition any defenses to such action it may be entitled to make under this policy."

[1] The body of the policy would indicate that the indemnity was against liability as well as loss. The conditions referred to therein treat the indemnity as solely against loss. We do not deem it necessary to determine whether the conditions are to be read into the policy so as to form a substantive part of the thing insured against (see Saratoga Trap Rock Co. v. Standard Accident Ins. Co., 143 App. Div. 852, 128 N. Y. Supp. 822), or whether they are mere conditions precedent, for we are of the opinion that the performance of condition F was not waived; and the respondent concedes that its performance was at least a condition precedent to the maintenance of an action, irrespective of whether the indemnity is to be regarded as against liability as well as loss. Indeed, the respondent argues that condition F would be meaningless except as applied to indemnity against liability.

We think that the refusal to pay the judgment, so far from waiving performance of condition F, was the very act which brought it into operation. By other conditions of the policy the defendant agreed to assume the defense of any suit brought against the assured to enforce a claim for damages on account of an accident covered by the policy, and it alone was to have the right to elect to settle the suit and to pay the indemnity provided for in the policy. The assured had no right to settle a claim without the written consent of the defendant. The policy, of course, contemplated that, when a judgment was rendered against the assured, the insurer, not the assured, would pay it, and the assured was called upon to pay only in case the insurer refused to do so. The refusal to pay was not a waiver of a condition which become operative only in case of such refusal.

[2] The doctrine of waiver is not peculiar to insurance contracts. To constitute a technical waiver, there need be only an intention to waive, either expressed or plainly to be inferred from circumstances. Draper v. Oswego County Fire Relief Ass'n, 190 N. Y. 12, 82 N. E. 755. The doctrine of estoppel rests on an entirely different basis.

[3] The latter doctrine can have no application to this case, for there can be no pretense that the plaintiff was misled by the defendant's conduct, and a refusal to pay did not indicate an intention to waive a condition which only had to be complied with in case of such refusal. The cases in which the filing of proofs of loss and the like has been held to be waived by an absolute repudiation of liability have no application. Proofs of loss are required to enable the insurer to adjust the loss, and, of course, an unqualified refusal to pay indicates an intention to waive the doing of the thing which is thereby rendered useless.

While we are referred to no case in this state precisely in point, the appellant cites O'Connell v. N. Y., N. H. & H. R. R. Co., 187 Mass. 272, 72 N. E. 979, which would be precisely in point but for the fact that the insurance in that case was "against loss from common law or statutory liability." The respondent relies on St. Louis Dressed Beef Co. v. Maryland Casualty Co., 201 U. S. 173, 26 Sup. Ct. 400, 50 L. Ed. 712. The policy in that case was treated as one of indemnity against loss. It contained a provision similar to condition

F of the policy in this case. An accident happened which was covered by the policy, and the assured immediately gave notice to the insurer, who at once denied liability. Thereafter suits were brought against the assured, the insurer was given notice, but refused to defend, whereupon the assured, after notice to the insurer of what it proposed to do, compromised the suits and paid to the claimants the sum agreed upon, and it was held that the refusal of the insurer to defend was a breach of its contract, which justified the plaintiff in compromising the suits in the interest both of itself and of the insurer. It will be seen that the plaintiff in that case had actually sustained a loss before bringing suit. The defendant's breach of its obligation to defend made the condition of the policy similar to the one in question in this case inapplicable. In the course of his opinion in that case, Mr. Justice Holmes referred to the breach contemplated by the said condition, and said:

"We think that the only breach which that condition has in view is a refusal by the company to pay after the decision in a case of which it has taken charge, when, notwithstanding the judgment, it conceives itself to have a defense."

The determination of the Appellate Term and the judgment of the City Court should be reversed, and a new trial ordered, with costs in all courts to appellant to abide the event. All concur.