NOEM, Respondent, v. EQUITABLE LIFE INSURANCE
COMPANY OF IOWA, Appellant.

(157 N. W. 308.)

(File No. 3676.   Opinion filed April 11, 1916.)

1. **Insurance—Life Insurance—Failure to Pay Premium Due—
Waiver of Right—Option to Void Policy.**

A provision in a life insurance policy, that failure to pay a
premium when due shall cause it to lapse, may be waived by
the company; since a condition that the policy shall be void if
premiums are not paid when due means only that it shall be
voidable at option of the company.

2. **Insurance—Waiver of Forfeiture for Non-payment of Premium—
Willingness to Reinstate, Distinction—Pleading Facts Showing
Reliance on Waiver, Necessity.**

If a letter from an insurance company reminding insured of
his non-payment of an overdue premium amounted simply to
an expression of willingness to reinstate the forfeited policy
upon compliance with the conditions, it did not amount to a
waiver of default in payment of premium, but if it indicated
an intention to treat the policy as being in force, it does
constitute a waiver; and it is immaterial that facts showing
reliance thereon by insured are not alleged in the complaint.

3. **Insurance—Waiver, on Non-payment of Premium—Demand of
Health Certificate, Coupled With Request for Premium, Ef-
fect—Future Forfeiture.**

Where an insurance company sent insured a letter reminding
him of non-payment of an over-due premium, suggesting that
he had "simply overlooked it," and adding, "We are sure you
do not wish to forfeit," the letter is inconsistent with an in-
tention to insist upon a forfeiture; and while the enclosing
therewith of a health certificate with request that it be com-
pleted and returned to the company is hardly consistent with
the idea of a subsisting policy, yet, when coupled with a request
for remittance of a premium, and with the other language
above quoted, the letter as a whole is held to mean that the
policy was still subsisting, and is inconsistent with an inten-
tion to insist upon a forfeiture.   Held, further, that the letter
meant that the policy was considered by the company to be
in force for thirty days after default, during which time per-
sonal health certificate only need accompany payment; and that
the further language therein, "after that time a physician's

statement would be required," meant that it was in force for a reasonable time after the thirty day period.

4. **Insurance—Doubt, as to Sufficiency of Pleading to Show Waiver of Forfeiture for Non-payment of Premium, How Resolved—Favoring Beneficiary.**

   Doubts as to whether a letter sent by life insurance company to insured, and set forth in the complaint under the policy, amounted to a waiver of forfeiture of the policy for non-payment of an overdue premium, must be resolved in favor of the beneficiary; and held, the complaint in question sufficiently alleged an existing policy at time of insured's death.

Appeal from Circuit Court, Brookings County. Hon. CARL G. SHERWOOD, Judge.

Upon rehearing. Affirmed.

For original opinion, see 35 S. D. 593, 153 N. W. 657.

*Cuckow & Berke,* (*Parsons & Mills,* of counsel) for Appellant.

*Hall, Alexander & Purdy,* for Respondent.

GATES, J. In July, 1915, this court rendered an opinion in the above-entitled cause. 35 S. D. 593, 153 N. W. 652. The cause is now before us upon a petition for rehearing. We frankly acknowledge that in preparing that opinion we overlooked certain allegations of the complaint which rendered the South Dakota standard form of life insurance policy inapplicable to this case. This being an appeal from an order overruling a demurrer to the complaint, the facts alleged in the complaint must be taken to be true, and, as the former opinion ignored certain of those facts, it is now disavowed as applied to this case.

A policy of life insurance was written by defendant in December, 1912, upon the life of plaintiff's son with premium payable semiannually in June and December, thereafter. The second annual premium due June 18, 1913, was not paid. The insured died by accidental drowning on July 16, 1913.

Paragraph 6 of the complaint is as follows:

"(6) That on or about the 1st day of July, 1913, with full knowledge on its part that the second premium under said contract or policy of insurance, which was payable June 18, 1913, was unpaid, and with the purpose and intent of leading the said Alfred P. Noem to understand and believe that the payment of

said premium on the 18th day of June, 1913, had been, and was, by said defendant waived, and with the purpose and intent of leading the said Alfred P. Noem to understand and believe that the time for the payment of said premium had been, and was, extended by the said defendant for the period of 30 days from and after the 18th day of June, 1913, and with the purpose and intent of so extending said time of payment, and with the purpose and intent of leading the said Alfred P. Noem to believe that the said contract or policy of insurance should, and would, be in full force and effect until the expiration of 30 days from and after the 18th day of June, 1913, and with the purpose and intent of so extending said time of payment, and with the purpose and intent of leading the said Alfred P. Noem to believe that the said contract or policy of insurance should, and would, be in full force and effect until the expiration of 30 days from and after the 18th day of June, 1913, and with the purpose and intent of making the same effectual for said period, [the defendant] sent and delivered to the said Alfred P. Noem the following communication, to-wit: 'Equitable Life Insurance Company of Iowa. Des Monies, July 1, 1913. A. P. Noem, Esq., Fonda, Iowa—Dear Sir: We note that the premium due June 18, 1913, on your policy in our company, No. 72972, is still unpaid, and we write to remind you of the matter, as we are inclined to think you have simply overlooked it. The contract has many liberal features, and we are sure you do not wish to forfeit the protection it affords. If there are any points regarding the policy that are not fully understood, and upon which you desire information, we would be glad to have you write us. We inclose herewith a personal certificate of health, which if satisfactory, will be accepted within thirty days from the date the premium was due. After that time a physician's statement would be required, so the matter should not be delayed. Kindly complete this health certificate and return to us with a remittance for the amount of the premium, $28.22. Trusting you will give this matter your prompt attention, we beg to remain, Very truly yours, Chas. A. Snyder, Secretary.' That the foregoing facts stated in this paragraph are hereby pleaded as a waiver and estoppel against the said defendant."

It is the theory of plaintiff that, by reason of a provision in the policy which gave a grace of one month for the payment of

any premium after the first policy year, the policy was in force at the time of the death of the insured; but, if wrong in this theory, then that the letter above set forth constituted a waiver of any forfeiture to which the defendant might have been entitled under the forfeiture clause of the policy, and that defendant should be estopped from asserting the contrary. Defendant, in opposition to the latter theory, urges that the letter of July 1, 1913, ought not to be considered as a waiver of the right of forfeiture because: (a) The same was without a new consideration; (b) it contained a condition to the effect that a personal health certificate must accompany the delayed payment; (c) that payment was not made before the death of the insured, which occurred during the period of extension mentioned; and (d) that the letter was a mere offer to reinstate the policy.

[1] One of the provisions of the policy was:

"Failure to pay any premium   *  *  *   when due and payable shall cause this policy to cease and determine."

But that was a provision which might be waived by the company:

"A condition in a policy that it shall be void if premiums are not paid when due means only that it shall be voidable at the option of the company."   Grigsby v. Russell, 222 U. S. 149, 32 Sup. Ct. 58, 56 L. ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863; Smith v. St. Paul F & M. Ins. Co., 3, Dak. 80, 13 N. W. 355.

Respondent urges that the following well-recognized rule is applicable to this case, viz.:

"Any agreement, declaration, or course of action, on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will, and ought to, estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract."   Hartford Ins. Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496.

We cannot agree that this rule is applicable. It involves the principle of estoppel, some of the elements of which are wanting in the complaint. But there is a marked distinction between the doctrine of estoppel and of waiver. Waiver is defined in Smiley v. Barker, 83 Fed. 684, 28 C. C. A. 9, as follows:

" 'Waiver' is where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it."

Again, in Appel v. People's Surety Co., 148 App. Div. 70, 132 N. Y. Supp. 200:

"To constitute a technical waiver, there need be only an intention to waive, either expressed or plainly to be inferred from circumstances."

[2] If therefore the letter of July 1st amounted simply to an expression of willingness to reinstate a forfeited policy upon compliance with conditions, then it did not amount to a waiver of the default in the payment of premium. Banholzer v. N. Y. Life Ins. Co., 74 Minn. 387, 77 N. W. 295, 78 N. W. 244.

But, on the other hand, if that letter indicated an intention on the part of the company to treat the insurance contract as being in force, then it amounted to a waiver of the default, and it is immaterial that facts showing a reliance thereon by the insured were not alleged in the complaint. Young v. Mut. Life Ins. Co., 2 Sawy. 325, Fed. Cas. No. 18,168; Washburn v. Union Cent. L. I. Co., 143 Ala. 485, 38 South. 1011; Moore v. Order of Ry. Cond., 90 Iowa, 721, 57 N. W. 623; Union Cent. L. I. Co. v. Duvall (Ky.) 46 S. W. 518; New Eng. M. L. Ins. Co. v. Springgate, 129 Ky. 627, 112 S. W. 681, 113 S. W. 824, 19 L. R. A. (N. S.) 227; Limerick v. Home Ins. Co., 150 Ky. 827, 150 S. W. 978, 44 L. R. A. (N. S.) 371; Olmstead v. Farmers Mut. F. I. Co., 50 Mich. 200, 15 N. W. 82; Mee v. Bankers Life Ass'n. 69 Minn. 210, 72 N. W. 74; Rowe v. Brooklyn Life Ins. Co., 16 Misc. Rep. 323, 38 N. Y. Supp. 621; Security Life & Ann. Co. v. Underwood (Tex. Civ. App.) 150 S. W. 293; Loftis v. Pac. Mut L. I. Co., 38 Utah, 532, 114 Pac. 134.

[3] As pointed out in respondent's brief, if the company, instead of writing as it did, had written in substance to this effect:

"Your insurance has expired by reason of the nonpayment of the premium due June 18, 1913. You now have no protection under this policy; but your rights may be restored by paying the premium and furnishing proof of insurability in the manner pro-

vided by the policy. This we urge you to do because the policy contains many good features, etc."
—then there would have been much force in appellant's contentions. But there is no statement in the letter of July 1st that the policy had terminated. The words, "is still unpaid," and, "we are inclined to think you have simply overlooked it," are scarcely consistent with an intention on the part of the company to insist upon a forfeiture. Again, the words, "we are sure you do not wish to forfet," necessarily imply that the company has not declared a forfeiture, and that it is within the power of the insured to prevent a forfeiture by complying with the conditions. These words imply a future forfeiture, not one that has already taken place. Again, the request for a remittance, made after the maturity of the premium, coupled with the matters above referred to, indicates the intention of the company to treat the policy as then subsisting. The case of Washburn v. Union Central L. I. Co., supra, is almost a parallel case. There the company, after the default and four days before the death of the insured, wrote him (in the language of the opinion), "asking him to pay the note and not to let his policy lapse, or, at least, to that effect, and also inclosing to him a dividend receipt * * * which had been declared on his policy, to be signed and returned, and which would be applied by the company on his third premium." The court said:

"The facts averred in the replications, we think, clearly show a recognition by the defendant of the validity of the policy, and this, subsequent to the occurrence of the alleged default. This was an election by the insurer to treat the policy as subsisting and valid, and amounted to a waiver of the forfeiture."

On the other hand, the request for a personal health certificate is hardly consistent with the idea of a subsisting policy. To the mind of a lawyer versed in insurance law, that request, standing alone, would indicate that the company did not consider the policy as then in force. But taking the letter as a whole, we are of the opinion that it would convey to the mind of the average person the impression that the policy was subsisting. This letter is consistent with the intention on the part of the company to waive the forfeiture. It is inconsistent with an intention on its part to insist upon a forfeiture.

[4] It must be confessed that the proper interpretation of this letter is not free from doubt. It is very close to the border line; but, under the overwhelming weight of authority, doubts of this kind must be resolved in favor of the beneficiary and against the insurer. With this in mind, we are constrained to interpret this letter to mean that the policy was considered by the company to be in force for the period of 30 days after the default (during which time the personal health certificate only need accompany the payment) and for a reasonable time after the 30-day period (during which time a physician's statement must accompany the payment).

We are therefore of the opinion that the complaint sufficiently alleges the existence of a policy of insurance upon the life of the insured at the time of his death, and that the demurrer to the complaint was rightfully overruled.

The order appealed from is affirmed.