HALL, Administratrix, Respondent, v. DAKOTA MUTUAL LIFE INSURANCE COMPANY, Appellant.

(158 N. W. 449.)

(File No. 3922.    Opinion filed June 27, 1916.    Rehearing denied August 31, 1916.)

Insurance—Life Insurance—Forfeiture for Non-Payment of Premium —Waiver of Forfeiture, Subsequent Recognition of Insured's. Rights as Affecting.

In a suit upon a 20 year life insurance policy containing provisions for annual payment of premiums on June 10th, where the fourth annual premium was unpaid when due, but thereafter insured gave his note for the amount of said premium, in which note it was provided that if not paid when due and before insured's death, the policy contract should be null and unenforceable, and, said note remaining unpaid, insured gave a renewal note in a similar amount due on or before the

first day of June following, which note contained the same forfeiture clause as that found in the first note, which renewal note was not paid when due or at all; and insured had previously made a loan from defendant company on said policy, and had executed his note to cover same, which note contained provisions to the effect that in the event of insured's death before payment thereof, the note should become due and its amount deducted from the policy, that if default in payment thereof shall continue for 30 days, defendant company might cancel and surrender the policy and that its obligations thereunder should thereupon cease, except as thereinafter provided, upon which note nothing was paid except interest for the year ending July 9, 1912, and nothing further was ever paid on the premium note; and where in the application for the policy it was provided that same became part of the contract between insured and defendant, that failure to pay any premium note thereunder at maturity shall render the policy void and terminate all liability of insurer thereunder, except as provided in the policy; **held,** that, the conditions in the contract of insurance for forfeiture of the policy upon non-payment of premium being conditions in favor of insurer, could be waived by it; and, in view of the fact that on the day of insured's death, the insurer mailed to his address a letter notifying him that the loan would be due about a month thereafter, that it might be continued for another year by payment of the interest, and of another letter of later date mailed to him, notifying him that an annual premium had become due under the policy about a month theretofore, to which a note was attached in effect stating that in case of failure to pay premiums when due, the policy shall be deemed forfeited, except as otherwise stipulated therein, and that it about that time also mailed another letter to insured's address stating that his days of grace had expired on the date of the letter, and that only a very prompt remittance would save the policy from lapse, **held,** further, that from said various communications it is apparent that, up to a time subsequent to insured's death, defendant company considered the policy in full force and effect; that the forfeiture clause in the policy was thereby waived by defendant; following Noem v. Life Ins. Co. 157 N. W. 308, 37 S. D. 176.

Appeal from Circuit Court, Codington County.   HON. CARL G. SHERWOOD, Judge.

Action by Frances Hall, as administratrix of the estate of Frank Hall, deceased, against the Dakota Mutual Life Insurance Company, to recover upon a policy of life insurance.   From a

judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Hanten & Hanten,* and *Perrett F. Gault,* for Appellant.

*E. B. Harkin,* for Respondent.

Appellant cited: Schmedding v. Northern Ass. Co. 136 N. W. 360; Banholzer v. N. Y. Life In. Co. (Minn.) 77 N. W. 295; Knickerbocker L. Ins. Co. v. Pendleton, 112 U. S. 696; 28 L. Ed. 866; Ia. Life Ins. Co. v. Lewis, 187 U. S. 335; 47 L. Ed. 204; Globe Mutual Life Insurance Co. v. Wolff, 95 U. S. 326; 24 L. Ed. 387.

Respondent cited: McNamara v. Dakota F. & M. Ins. Co. 1 S. D. 342, 346; Galliher v. State Mutual Life Ins. Co. 124 Am. St. Rep. 83 (Ala.); Home Fire Ins. Co. v. Kuhlman, 78 N. W. 936; Unsell v. Hartford Life & Annuity Ins. Co. (C. C.), 32 Fed. 443; Cooley's Brief on Ins., Vol. III, page 2459.

POLLEY, P. J. In this action plaintiff seeks to recover on a policy of life insurance. The defense is forfeiture of the policy because of nonpayment of the premium. The policy is a 20-payment life policy, and was issued on the 10th day of June, 1908. The premiums were to be paid annually in advance, and the first annual premium was paid when the policy was issued. On July 10, 1909, the second annual premium was paid and accepted by defendant. On July 11, 1910, the third annual premium was paid and accepted. The fourth annual premium, due on the 10th day of June, 1911, was not paid; but on the 15th day of August, 1911, the insured gave his note for the amount of said premium payable on the 1st day of January, 1912. This note contained the folowing condition:

"If this note, given for the premium due June 10, 1911, on policy No. 1316, is not paid when due and before the death of the insured, then said policy contract shall be null and void and not enforceable."

This note was not paid when due, and on the 26th day of January, 1912, the insured gave the defendant a renewal note in a similar amount, due on or before the 1st day of June, 1912, and containing the same forfeiture clause that is found in the first. This renewal note was not paid when due, or at all.

On the 9th day of July, 1910, the insured made a loan of

$230 from defendant on the said policy, and on that date, executed and delivered to the defendant his note for that amount payable on the 9th day of July, 1911, with interest thereon payable in advance at the rate of 5 per cent per annum. A year's interest was paid in advance at that time. This note, among other conditions, contained the following:

"That in the event of the death of the insured before the payment of this loan, then this note shall at once become due and payable, and the sum due hereon for principal and interest shall be deducted from any amount payable under said policy.

"That in case of failure to pay either principal or any installment of interest at maturity, or failure to pay when due any premium on said policy, or any note given therefor, any such default shall continue for a period of thirty days, the whole principal of this note, shall, at the option of said Dakota Mutual Life Insurance Company, become due and payable, and said Company may, and it is hereby expressly authorized, without notice, to cancel and surrender the said policy, and all obligation of said company shall cease thereon, except as hereinafter provided.

"It is agreed that if default be made in the payment of any premium upon said policy or in the payment hereof, either principal or interest, then this note shall become payable at once, and in that event I hereby elect to take the cash surrender value of said policy at the date of such default, and I hereby empower said insurance company to cancel said policy upon its books, and, after taking out all sums due upon said note and said policy, the balance, if any, to be forwarded to me.

"This note may be paid in one year from date, or at any interest date thereafter."

Nothing was paid on this note until the 26th day of January, 1912, when the insured paid the interest for the year ending July 9, 1912. Nothing further was ever paid on either of the notes, and the insured died on the 7th day of June, 1912.

The policy in question was issued upon a written application signed by the insured and which, by its terms and the terms of the policy, became a part of the contract between defendant and the insured. This application contained the following provisions:

"That if any premiums of said insurance shall not be paid

when due, all previous payments shall be forefeited to the company, except as provided in its policy. That if any note or other obligation is taken for any premium or part thereof, such note or other obligation shall not be payment thereof, but only the extension of time of payment of the same, and the failure to pay such note or other obligation at maturity shall work a forfeiture of all previous payments, except as provided in the policy. * * * And that a failure to pay any premium or obligation given to the company therefor at the time the same becomes due * * * shall render any policy issued upon this application void and terminate all liability to the company thereon, except as provided in the said policy."

[1] It will be remembered that the premium note given on the 26th day of January, 1912, was payable on the 1st day of June, 1912, and it is the contention of defendant that because said note was not paid on that date, and because the acceptance of said note was merely an extension of the time for the payment of the premium, the policy became forfeited on that date without any further act on the part of the defendant, and that all liability on said policy terminated on that date. On the other hand, it is contended by plaintiff that defendant waived its right of forfeiture, and that the policy was in force at the time of the insured's death, on the 7th day of June, 1912.

The conditions in the contract that provided for the immediate forfeiture of the policy upon the failure to pay the premium, being conditions in favor of the defendant, could be waived by it; and respondent bases its contention that such waiver took place upon the following circumstances: On the 7th day of June, 1912 (the day on which the death of the insured occurred), the defendant mailed the following letter addressed the insured:

"Dear Sir: Your policy loan held by this company, amounting to $230, is due July 9th. This loan may be continued for another year by the payment of $11.50 interest. Thanking you for your prompt attention to this matter, I remain, Very truly yours, F. L. Bramble, Secretary."

Again, on the 12th day of July, 1912, defendant mailed to the address of the insured the following notice:

"Take Notice: Your regular fifth annual premium on policy

No. 1360, amounting to $5,000, will be due June 10, 1912. * * *
F. L. Bramble, Secretary-Treasury."

"Note.—Premiums are payable to the company, at its office
in Watertown, South Dakota, and no payment of the same shall
be valid if paid to an agent or any other person whatsoever,
unless such person is possessed of and turns over to the payor a
receipt signed by the president or secretary, countersigned by
himself, as evidence of payment to him.   According to the policy
contract, policy holders must pay their premiums on or before
the day upon which they fall due.   And in the event of their
failure to do so their policy of insurance shall be deemed forfeited
and of no effect, except as otherwise expressly stipulated in the
policy."

On the 10th day of July, 1912, defendant mailed to the
address of the insured the following letter:

"Frank Hall  Conde, S. D.—Dear Sir: Your thirty days of
grace expire to-day.   Only a very prompt remittance will save
your policy from lapsing and save you the necessity of another
medical examination before being reinstated.   Kindly consider
for a moment the three following facts: First. You have an
excellent policy, and have money invested.   A lapsed policy is
money lost.   Second. By paying this premium, you renew the
protection given your family.   By lapsing you subject them to the
possibility of want in the event of your death.   Third. Should
you lapse your policy, you have no assurance that you would be
able to pass a medical examination for reinstatement in this or
any other company.   If there is anything you do not understand
about your policy, we will be glad to explain it to you.   We would
ask that before dropping the same, you give this matter your
serious consideration.   Hoping to hear from you at an early date
as to your decision in the matter, I am, Yours very truly, F. L.
Bramble, Secretary."

From these various communications, it is clearly apparent
that, up to a time subsequent to the death of the insured, the
defendant considered this policy in full force and effect.   This
could scarcely be made plainer than by the language used in the
letter of July 10th.   This-letter was intended to inform the in-
sured, not only that the policy was in full force during the¯ 30
days of grace provided for in the policy, but that he might, by

prompt action, prevent the policy from lapsing even after the expiration of said thirty days of grace.

What constitutes a waiver of a forfeiture clause in an insurance contract was recently discussed at some length by this court in the case of Noem v. Life Ins. Co., 157 N. W. 308, and a review of the matter at this time would add nothing to what is said in that case. We are satisfied with the rule recognized in that case and the cases therein cited, and, applying that rule to this case, we find an abundance of facts to warrant the conclusion that the defendant waived the forfeiture clause found in its contract with the insured, and that the plaintiff is entitled to recover.

The judgment and order appealed from are affirmed.