NORRIS, Appellant v. WORLD INSURANCE COMPANY, OMAHA, NEBRASKA, Respondent

(63 N. W.2d 804)

(File No. 9337.  Opinion filed April 15, 1954)

Harry Grant, Sioux Falls, for Plaintiff and Appellant.

John Carl Mundt, Sioux Falls, R. C. Andrews, Omaha, Neb., for Defendant and Respondent.

ROBERTS, J.  Plaintiff alleged that, in consideration of the payment of a premium of $28.25, defendant issued to him a policy of insurance providing for disability benefits including loss of time by sickness; that the policy was issued on June 1, 1950; that plaintiff became disabled because of sickness in April, 1951, and unable to perform and carry on his

usual occupation; and that defendant has refused to make payments of monthly installments of $100 as provided in the policy for loss of time beginning while the policy was in force and resulting from sickness contracted during the term of the policy.

The action was defended on the ground that plaintiff procured the policy for disability by fraud; that the application on which the policy was issued contained false and fraudulent answers to questions concerning his health and prior consultations with and treatments by physicians and that these answers were relied upon by defendant and materially affected the risk. Defendant sought to return the premium and cancel the policy and by cross-complaint prayed that the court declare the policy terminated.

The application secured by Warren Harris, a soliciting agent for the defendant, contains the question: "Do you hereby apply to the World Insurance Company for a policy to be issued solely and entirely in reliance upon the written answers to the foregoing questions which you adopt as your own, and represent to be true, full and complete, and do you understand and agree that this application shall not be binding upon the Company until accepted by the Company?" Applicant answered in the affirmative. The application also contains the following questions and answers:

"12. Have you ever had any of the following diseases: Rheumatism in any form? No. * * *"

"13. Have you received medical or surgical advice or treatment or had any local or constitutional disease within the past five years? No."

Upon trial of the issues, the court made findings in favor of defendant and entered judgment dismissing the complaint and decreeing refund of the premium paid and concellation of the insurance contract. Plaintiff appeals.

Plaintiff admits that he had been treated for acute arthritis between May 13 and July 15, 1943, by Dr. A. H. Tribble in Hot Springs, Arkansas, and that subsequently in April, 1951, he consulted the same physician and also Dr. O. M. Lanam in Sioux Falls. Plaintiff testified over defendant's objection as to a conversation when the soliciting agent

was filling out the application as follows: "Well, the question came to rheumatism. He asked me if I ever had rheumatism. I told him no, I never had rheumatism, but I did have an attack of arthritis in 1943, and he wanted to know if I had been bothered with it since and I told him no, I hadn't, apparently it was a complete recovery. Well, he said, in that case in five years it is termed cured, you are termed as cured in a disease or a case like that." He further testified that there had been no recurrence of the arthritis subsquent to 1943 and prior to the making of application for insurance.

The medical testimony tends to prove that arthritis is a degenerative disease of the joints; that the course of the disease is insidious and continuous and although it may be arrested the destruction of cartilage and the hypertrophic changes in the bones are permanent; and that the disability of plaintiff as of April, 1951, was caused by arthritis and more particularly by hypertrophic arthritis of the hands. The doctors agree that arthritis is not generally referred to in the medical profession as rheumatism, but say, however, that the term is sometimes used to describe arthritis as indicated by the following excerpt:

"Q. Isn't arthritis some form of rheumatism? A. Well, yes, that is true, but all rheumatism is not arthritis. Q. But arthritis is some form of rheumatism? A. It usually is included, yes."

■ Appellant claims that "rheumatism" is a generic term; that acute arthritis with which he was afflicted in 1943 is not within the scope and understanding of that term; and that the answer to question 12 was true and in no way concealed or misrepresented the facts. Appellant relies to a great extent upon the case of Price v. Phoenix Mutual Life Insurance Co., 17 Minn. 497, Gil. 473, 10 Am.Rep. 166. That was an action brought by the beneficiaries to recover upon a life insurance policy. The principal defense interposed was that the insured made false answers to certain specified questions in his application for insurance. The case was tried to a jury and the verdict and judgment were for the plaintiffs. It was contended that the trial court erred in refusing peremptorily to instruct the jury that the plaintiffs

were not entitled to recovery. The part of the opinion on which plaintiff relies is as follows:

"The 13th question was: 'Has the party ever had any of the following diseases, (naming several, and among others) rheumatism?' 'Answer—never.' There was evidence in this case tending to show that the life insured had had sub-acute rheumatism. There was also evidence in the case tending to show that sub-acute rheumatism is not the disease of rheumatism, in the ordinary understanding of the term. There was also evidence tending to show that, technically, and in medical parlance, sub-acute rheumatism is the disease of rheumatism. Dr. Willey swears that it is generally over-looked as a disease, and there is other testimony to the same effect.

"The rheumatism referred to in the question is the disease of rheumatism. Any rheumatic affection not amounting to the disease of rheumatism; is not comprehended in its terms, any more than the spitting of blood occasioned by a wound of the tongue, or the extracting of a tooth, is the disease of 'spitting of blood' mentioned in the same question. The life insured had the right to answer the question upon the basis that its terms were used in their ordinary significa-tion. If there was any ambiguity in the question so that its language was capable of being construed in an ordinary, as well as in a technical sense, the defendant can take no advantage from such ambiguity, Wilson v. Hampden Fire Ins. Co., 4 R.I. 159; Flanders on Insurance, 225. As to this question, then, we cannot say that the verdict was not supported by the evidence."

■ In the aforementioned case, it will be observed, the question contained in the application was very similar to the one at bar; the rheumatism referred to in the question was the disease of rheumatism. There was evidence in that case tending to show that sub-acute rheumatism is not such a disease. There was evidence to the contrary and on the con-flicting evidence an issue of fact was properly submitted to the jury which found against the insurer. Upon the record before us, plaintiff admittedly knew that he had acute arthri-tis in 1943 and regarding such disease as a form of rheuma-tism the court found that appellant made a false representa-

tion in his application. See 77 C.J.S., Rheumatism, p. 388; Holmes v. Continental Casualty Co., 102 Me. 287, 65 A. 385; Davidson v. Massachusetts Casualty Ins. Co., 325 Mass. 115, 89 N.E.2d 201. We cannot as a matter of law say that acute arthritis could not be considered to have been included within the meaning and the scope of question 12 of the application.

█ Appellant contends that because of insurer's negligent delay in notifying him of its refusal to pay benefits and of its intention to seek rescission and cancellation of the policy he was precluded from procuring other insurance and has a right of action against the insurer for breach of its duty. Plaintiff cites Bekken v. Equitable Life Assurance Society, 70 N.D. 122, 293 N.W. 200 and Mann v. Policyholders' National Life Ins. Co., 78 N.D. 724, 51 N.W.2d 853, in support of his contention. It is said in these cases that there is a standard of conduct requiring action on an insurance application within a reasonable time and that negligence of an insurer in failing to accept or reject an application is actionable. But it is quite another matter to allow in the case at bar recovery in tort for negligence. The delay referred to by appellant constitutes no breach of duty on the part of the insurance company. If there was no legal obligation, there was no liability because of delay.

The judgment appealed from is affirmed.

All the Judges concur.