WESTERN CASUALTY AND SURETY COMPANY, a Corporation, Plaintiff and Appellant,

v.

AMERICAN NATIONAL FIRE INSURANCE COMPANY, a Corporation, Defendant and Appellee.

No. 13480.

Supreme Court of South Dakota.

Considered On Briefs Feb. 22, 1982.

Decided April 14, 1982.

---

1. Since the judgment was entered here the rate of prejudgment interest was changed again to 18%. 1981 S.D.Sess.Laws, ch. 348.

John F. Cogley of Morgan, Fuller, Theeler & Cogley, Mitchell, for plaintiff and appellant.

Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

ANDERST, Circuit Judge.

This is an appeal from a judgment in favor of appellee, American National Fire Insurance Company (American), and against appellant, Western Casualty and Surety Company (Western), in a declaratory judgment action wherein Western claimed that American had waived or was estopped from denying liability under a worker's compensation insurance policy. We affirm.

A brief review of the facts shows that Nettleton Manor was owned by R & S Partnership which consisted of Jerry Simmons and Eugene Reinholt. It provided rental housing for the students who attended Nettleton College. In turn, Nettleton College was owned by Nettleton College, Inc., the principal stockholders of which are Jerry Simmons and Eugene Reinholt. On August 1, 1979, R & S Partnership transferred its assets to Nettleton College, Inc., and the partnership was terminated.

Both R & S Partnership and Nettleton College, Inc., had for many years used the same insurance agency. The agency had placed the worker's compensation insurance for both entities with American. R & S Partnership's last policy with American was for the period from April 30, 1979, through April 30, 1980. On January 28, 1980, when American's policy with Nettleton College, Inc., expired, the agency placed it with Western, which then began providing coverage.

Donald Wittrock was hired as a maintenance man at Nettleton Manor by Nettleton College, Inc., on August 8, 1979. While in the course of his employment at Nettleton Manor on February 18, 1980, he was involved in a fatal accident. Jerry Simmons and an employee of the insurance agency filled out a claim report showing that Donald Wittrock was an employee of R & S Partnership and forwarded it to American. After investigation, American learned of the dissolution of the partnership and denied coverage under its policy.

American did not cancel the policy it had issued to the partnership. After an audit

of the partnership payroll, an additional premium was charged R & S Partnership based upon the period from April 30, 1979, to April 30, 1980. Western initiated this action, alleging that American had waived its right or was estopped from denying liability to the widow of Donald Wittrock under its policy, or, in the alternative, that both American and Western were obligated to pay the benefits.

■ The terms "waiver" and "estoppel" are not interchangeable, and a substantial difference exists between them.

A waiver exists "where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it...."

*Wieczorek v. Farmers' Mut. Hail Ins. Ass'n*, 61 S.D. 211, 216–17, 247 N.W. 895, 897 (1933), quoting *Noem v. Equitable Life Insurance Company*, 37 S.D. 176, 180, 157 N.W. 308, 309 (1916).

To create an estoppel, there must have been some act or conduct upon the part of the party to be estopped, which has in some manner misled the party in whose favor the estoppel is sought and has caused such party to part with something of value or do some other act relying upon the conduct of the party to be estopped, thus creating a condition that would make it inequitable to allow the guilty party to claim what would otherwise be his legal rights.

*Somers v. Somers*, 27 S.D. 500, 504, 131 N.W. 1091, 1093 (1911).

■ "Only the parties to the contract of insurance, or their privies, can claim the benefit of a waiver or an estoppel" (footnote omitted). 18 R. Anderson, Couch on Insurance 2d § 71:10, at 11–12 (1968). Western was a stranger to the policy between American and R & S Partnership. It is not a proper party to assert the claim of a waiver or an estoppel.

The judgment is affirmed.

WOLLMAN, C. J., and DUNN, HENDERSON and FOSHEIM, JJ., concur.

ANDERST, Circuit Judge, sitting for MORGAN, J., disqualified.