**Edward E. MOORE, Plaintiff and Appellee,**

v.

**FARMERS INSURANCE EXCHANGE, Defendant and Appellant.**

**No. 13647.**

Supreme Court of South Dakota.

Argued May 20, 1982.

Decided Aug. 25, 1982.

Rehearing Denied Sept. 29, 1982.

David P. Olson, Rapid City, for plaintiff and appellee.

Gene R. Bushnell, of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for defendant and appellant.

FOSHEIM, Justice.

Edward E. Moore (Moore) initiated a declaratory judgment action against Farmers Insurance Exchange (Farmers) seeking recovery on a judgment for $10,000 entered against Farmers' insured as the result of an automobile accident. Both parties moved for summary judgment. The trial court granted summary judgment in favor of Moore. Farmers appeals. We reverse and remand.

Moore's motion for summary judgment claimed no issue of material fact because Farmers accepted its insured's premium after the accident occurred and with knowledge that the insured's vehicle was a total loss and therefore not subject to insurance. Farmers' motion claimed no issue of materi-

al fact because at the time of the accident insured's policy had been cancelled for nonpayment of premium. In support of its motion for summary judgment, Farmers offered the affidavit of Ralph Greer, its auto policy service division manager. Greer testified that his review of Farmers' records, summaries of which were attached and incorporated by reference, indicated that the insured's auto policy was subject to renewal on September 22, 1977; and that, in the normal sequence of notice, insured was mailed a renewal notice thirty days prior to renewal date, a reminder notice forty-five days after renewal date, and an "avoid cancellation notice" seventy-five days after renewal date. According to Greer the "avoid cancellation notice," sent out on December 9, 1977, designated a cancellation time of December 24, 1977, at 12:00 noon. It is undisputed that the overdue premium was paid on December 28, 1977, the day after the accident.

Appellant raises two issues on appeal: (1) whether coverage was in effect when the policy had been cancelled for nonpayment of premium before the accident occurred; and (2) whether cancellation was waived when insured's premium was accepted after the accident.

This court originally stated the guidelines for ruling on a motion for summary judgment, pursuant to SDCL 15–6–56, in *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19, 21 (1968) (footnotes omitted).

1. The evidence must be viewed most favorable to the nonmoving party.

2. The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law.

3. Though the purpose of the rule is to secure a just, speedy and inexpensive determination of the action, it was never intended to be used as a substitute for a court trial or for a trial by jury where any genuine issue of material fact exists.

4. A surmise that a party will not prevail upon trial is not sufficient basis to grant the motion on issues which are not shown to be sham, frivolous or so unsubstantial that it is obvious it would be futile to try them.

5. Summary judgment is an extreme remedy and should be awarded only when the truth is clear and reasonable doubts touching the existence of a genuine issue as to material fact should be resolved against the movant.

6. Where, however, no genuine issue of fact exists it is looked upon with favor and is particularly adaptable to expose sham claims and defenses.

■ Moore filed objections to Greer's affidavit stating that, under SDCL 58–11–49, –52,[1] it was incompetent proof of mailing the notice of cancellation because it lacked sufficient foundation and it was not based on personal knowledge. While Moore indicates where in the record such objections were made, he does not indicate, and we are unable to find, a ruling thereon by the trial court. However, we assume the trial court considered Greer's affidavit sufficient proof of mailing because, according to the *Wilson* guidelines, in order to grant summary judgment for Moore the trial court was required

---

1. SDCL 58–11–49 reads: No notice of cancellation of a policy to which § 58–11–46 applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty days prior to the effective date of cancellation, provided, however, that where cancellation is for nonpayment of premium at least ten days' notice of cancellation accompanied by the reason therefor shall be given. Unless the reason accompanies or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than fifteen days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation.

This section shall not apply to nonrenewal. SDCL 58–11–52 reads: Proof of mailing of notice of cancellation, or of intention not to renew or of reasons for cancellation, to the named insured at the address shown in the policy, shall be sufficient proof of notice.

to view the evidence in a light most favorable to Farmers. The most favorable view of the evidence is that Greer's affidavit was admissible as a business record, Greer being the custodian of the records or other qualified witness under SDCL 19–16–10 and SDCL 19–18–6,[2] and established proof of notice under SDCL 58–11–52. We believe Greer's affidavit with attached summaries was admissible as a business record and that it resolved the only question of material fact (sufficient notice), thus advancing the trial court to questions of law. Since an insurer is not liable on a properly cancelled policy,[3] it follows that the trial court held for Moore on the theory that Farmers waived cancellation by accepting the premium after the accident.

■ The issue of waiver is answered by *Western Casualty and Surety Co. v. American National Fire Insurance Co.*, 318 N.W.2d 126 (S.D.1982). In that case we held that " '[o]nly the parties to the contract of insurance, or their privies, can claim the benefit of a waiver or an estoppel.' " *Id.* at 128 (quoting 18 Couch on Insurance § 71:10 (1968)). Since Moore was not privy to the contract of insurance, this issue is resolved in Farmers' favor.

We reverse and remand for entry of summary judgment for Farmers.

All the Justices concur.

2. SDCL 19–16–10 reads: A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, is not excluded by § 19–16–4, even though the declarant is available as a witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this section includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

SDCL 19–18–6 reads: The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court.

3. *Mid-Century Ins. Co. v. Norgaard*, 273 N.W.2d 191 (S.D.1979); *Good v. Farmers' Mutual Hail Ins. Ass'n of Iowa*, 58 S.D. 106, 235 N.W. 114 (1931); *Bank of Ipswich v. Harding County Farmers Mutual Fire & Lightning Ins. Co.*, 55 S.D. 261, 225 N.W. 721 (1929); *Medworth v. St. Paul Fire & Marine Ins. Co.*, 53 S.D. 570, 221 N.W. 599 (1928); *Cf. Norris v. World Ins. Co.*, 75 S.D. 315, 63 N.W.2d 804 (1954).