## ST. PAUL, M. & M. RAILWAY CO. v. HOWARD et al.

As all property not exempt from taxation must be taxed under the general laws unless it is taxable under a special law, the burden of showing that it is taxable under the special law is upon one claiming that it is so taxable.

Where a railway company attacks a tax deed on the ground that the land was not assessable under the general laws because it was "necessarily used in the operation of its lines," so as to be subject to the mileage tax imposed by Laws 1890, p. 33, c. 21, the burden of showing the facts invalidating the tax is on the company, and not on the tax title claimant, and the company must show, not only that the land was used in the operation of its lines, but also that it was necessarily so used.

A stipulation in an action by a railway company to quiet title to lands claimed by defendant under a tax deed that there had been "no actual physical use of the property for railway purposes, either for right of way or depot grounds," warrants a finding that the property was not actually used in the operation and maintenance of the company's lines, and was not used for railway purposes so as to be subject to the mileage tax imposed by Laws 1890, p. 33, c. 21.

A tax deed received in evidence without objection in an action to quiet title is prima facie evidence that the property was subject to the taxes assessed against it.

Laws 1890, p. 33, c. 21, imposing a mileage tax on lands used for railway purposes, does not contemplate that the tax should cover lands not used for such purposes, but to be so used in the future.

A party cannot complain of a finding of fact made by the court which is equivalent to one requested by himself.

A requested finding of fact which is complete without a correct conclusion of law inserted by the court is not objectionable.

Additional findings of fact and conclusions of law which are equivalent to findings and conclusions made by the court are properly refused.

(Opinion filed, February 10, 1909.)

Appeal from Circuit Court, Brown County. Hon. JAMES H. McCoy, Judge.

Action by the St. Paul, Minneapolis & Manitoba Railway Company against N. J. Howard and others. From a judgment for defendants, plaintiff appeals. Affirmed.

C. H. Winsor, for appellant. L. W. Crofoot, for respondents.

WHITING, J. This cause is in this court on an appeal from the judgment of the circuit court in favor of the defendants and from the order denying a new trial. The plaintiff seeks to have the title to certain lots in the city of Aberdeen quieted in it, and the defendant, the respondent herein, claims fee-simple title to the same lots, and asks to have her title quieted. No question of pleading or as to the admission of evidence arises in this case.

The undisputed facts show that the plaintiff derived a fee-simple title to these lots from the prior owner or owners thereof, and held such title during the years, 1888, 1889, and 1890, and at the time of the trial, unless said title was divested by the tax title claimed by defendant. Certain questions arose as to the validity of tax deeds growing out of the taxes for the years 1888 and 1889, but, inasmuch as these matters were determined in favor of the appellant, it is not necessary to consider the same; there being no appeal from that part of the judgment. During the year 1890 this property was assessed for taxes in the manner provided for the assessment of taxes upon property of individuals, and thereafter every step was taken in accordance with the laws for the levying of such taxes, and for the enforcement of the payment of the same, as provided by the laws for the assessment of taxes against private individuals. The taxes remaining unpaid the lots were finally sold, which sale ripened into tax deeds under which the defendant and respondent Nancy Howard claims title to the lots in question, and it is admitted that her title is valid as against plaintiff's claim if said lots were subject to assessment under the general law for the

assessments and collection of taxes. The tax certificates, assessments, and deeds were received in evidence without objection. The lots in question are situated between the right of way of the plain· tiff ·corporation and that of the Chicago, Milwaukee & St. Paul Railway within the limits of the city of Aberdeen. It was stipulated in open court that up to the time of trial there had been no actual, physical use of the property in question for railroad purposes either for right of way or depot grounds. There was no evidence as to the use for which the lots were intended to be put. The trial was had in September, 1904. It appears that plaintiff paid at the proper time the taxes assessed against it on the mileage basis. The above covers all the matters appearing in evidence herein.

Plaintiff claims that the trial court erred in making its fifth finding of fact; the claim of error being directed to that part of said finding wherein, after finding that the plaintiff was in the year 1890 and for two years prior the owner of said lots, the court found: "But that none of said lots were actually used in the operation and maintenance of the lines of railway belonging to the plaintiff, or in any way pertaining to the operation thereof and were not used for railway purposes." The importance of this finding is seen when attention is called to chapter 21, p. 33, Laws, 1890, which went into effect March 6, 1890, and was therefore one of the laws of this state when this property was assessed for the 1890 tax. Section 1 of this act reads as follows: "All property, real and personal, belonging to any railway company in this state and necessarily used (in) the operation of its line or lines of railway in this state, shall be assessed for purposes of taxation by the State Board of Assessment and Equalization, and not otherwise; Provided, nothing in this act shall be so construed as to prevent the local assessment and the taxation of all property of such company, both real and personal, as is not actually (and) necessarily used in the operation and maintenance of its lines (of) railway." If this finding is correct, then it is apparent that the property in question was subject to local assessment under the general laws for taxation, and the defendant must prevail herein. We can see no ground for plaintiff's contention that this finding is not supported

by the evidence. The plaintiff claims the burden of proof is upon the defendant to show that the property in question was not used for railroad purposes in such way as to come under the rules of assessment laid down in said chapter 21, Laws 1890, above stated. We cannot agree with the plaintiff, and believe that the burden of proof was on the plaintiff herein to show facts which would invalidate the taxes upon which the tax title in question was based.

We think it must be admitted that all property in this state is subject to taxation unless exempt therefrom, and that the same is to be taxed under the general laws unless there is some special law for the taxing of such property. That being so, it is incumbent upon the person claiming under special provisions to put himself under the requirements thereof, and in this case it was incumbent upon the plaintiff, not only to show that the property in question was used in the operation of its lines, but that it was necessarily so used. The stipulation shows that, while the company had owned these lots since the year 1888, it had never up to the year 1904 made any use of the same. There had been "no actual, physical use of the property in question for railroad purposes, either for right of way or depot grounds." The stipulation to this effect was certainly broad enough to warrant the finding above mentioned and was undoubtedly so intended and understood when entered into by the defendant. Furthermore, the tax deed to each lot was received in evidence without objection, and the said deeds were at least prima facie evidence of the fact that the property was subject to the taxes assessed against it, which taxes were the basis of all the proceedings leading up to the deeds. Besides, we find the plaintiff asking for the following finding relating to these lots during the years, including 1890: "But that none of said lots were actually used in the operation and maintenance of the lines of railway belonging to the plaintiff; but were and are to be used for railway purposes." Certainly the law of 1890 did not contemplate that the mileage tax provided therefor should cover lands not used for railroad purposes, but to be used some time in the remote and uncertain future, as in this case. And in the case at bar there was absolutely no evidence that the company ever intended to use this land for railway purposes. After the exclusion

of that part of the finding above referred to which was requested by plaintiff, and which relates to the future use of said lands, we think that the remainder asked for by plaintiff is the equivalent of the finding made by the court and of which the plaintiff complains·

The plaintiff also excepts to finding 8. This finding is exactly like the eighth finding asked for by plaintiff, except the court has inserted therein this clause referring to the lots in question: "And were subject to assessment and taxation locally in the same manner as property belonging to individuals." This relates to the year 1890. This clause is evidently a mere conclusion of law and certainly is right as such. We find it repeated in the fourth conclusion of law, and it needs no further consideration as a finding of fact because said eighth finding is complete in every respect with this clause struck out.

The plaintiff excepted to the fourth and fifth conclusions of law. The only parts thereof that are not conceded by plaintiff relate solely to the question as to whether the lots in question were assessable under the general laws for the year 1890, and what we have said above fully covers this point.

Plaintiff also complains·because certain findings and conclusions asked for by plaintiff were not made. What we have stated in relation to the findings and conclusions made and which were excepted to, fully covers the claims of the plaintiff in relation to such findings and conclusions asked for, and this matter needs no further consideration.

For the reasons given above, the judgment of the trial court and the order denying a new trial are affirmed; and it is so ordered.