BEHSELECK, Respondent, v. ANDRUS, et al, Appellants.

(244 N. W. 268.)

(File No. 7317. Opinion filed September 10, 1932.)

*Fletcher & Fletcher* and *Roger A. Campbell,* all of Aberdeen, for Appellants Wilbur and Wilhelmina Andrus.

*Williamson, Smith & Williamson,* of Aberdeen, for Respondent.

RUDOLPH, J. The plaintiff brought this action against the defendants, charging that the concurring negligence of the defendants Wilbur Andrus and E. Bross was the proximate cause of certain injuries she sustained. Wilhelmina Andrus is made a party defendant, due to the fact that she was the owner of the car driven by Wilbur Andrus. The defendant Hattie Bross was the owner of the car driven by E. Bross.

On the evening of June 15, 1930, the plaintiff, together with the defendant Wilbur Andrus and another young couple, was driving west from Aberdeen on the Yellowstone Trail in a car owned by Wilhelmina Andrus, the mother of Wilbur Andrus. The defendant Wilbur Andrus testified that this party in the Andrus car

was out for a "joy ride." It is undisputed that Wilbur Andrus was out in the car on a mission entirely of his own. The car was maintained by the mother as a family car, and driven by Wilbur and other members of the family. It was somewhat after 10 o'clock when the Andrus' party had reached a point about six or seven miles east of Ipswich. Two cars were approaching from the west. The car further west, which was the car driven by E. Bross and owned by his wife, Hattie Bross, sought to pass the car which it was following, and a collision resulted between the Bross' car and the Andrus' car, wherein the plaintiff was quite severely injured. The action was brought on for trial in Brown county, and during the course of the trial a witness called by the defendants Andrus, when being cross examined by counsel for the defendants Bross, testified as follows:

"Q. Did you sign some statements in regard to how this accident happened prior to this trial? (Which was objected to as immaterial for any purpose in this case. Objection overruled and exception noted.) A. There was an insurance agent at the office and I signed one and that was right after the accident.

"Q. Have you got a copy of that statement? A. No, I have not.

"Q. Did he leave a copy with you? A. No, he did not."

"Q. What did he do with the copy that you signed? A. He took it.

"Q. Did he tell you when he took this statement whom he was representing?

"By Mr. Campbell: We move to strike out all this testimony with reference to statements signed by her or with reference to the insurance company for the reason that such testimony is wholly immaterial and incompetent and improper cross examination.

"By Mr. Campbell: And the further objection that such line of remarks is an attempt to inject into this action, matters wholly extraneous thereto and immaterial and incompetent."

Following this testimony, there was considerable discussion by counsel and some argument addressed to the court. This discussion and argument was not taken by the reporter, but subsequently a record was made by the attorneys and the court, from which record it appears that the attorney for the defendants Bross

asked the court to require that a certain Mr. Donahoe remain in the courtroom that he might be identified as the person to whom the witness made the statement. Exception to this request was taken by counsel for the same reasons urged in the objection last above noted. It also appears that the attorney for the defendants Bross stated, apparently in an argument addressed to the court, "that the witness has been trying to harpoon my old farmers ever since she took the stand and we have a right to any statement which this witness has made." The attorney for the defendants Andrus took exception to the remark of counsel, as above stated, and asked the court to admonish the jury to disregard such remark; whereupon the court did caution the jury that in arriving at their verdict they should not consider any remark made by counsel, and further stated that the court was of the opinion that the remark of counsel for defendants Bross, that the witness was trying to harpoon his client, was not justified, and that it was improper and should be disregarded. During the argument to the jury, certain argument was addressed to the jury by the attorney for the plaintiff, which is now claimed by the defendants Andrus was prejudicial. No record of the argument made by counsel to the jury is now before this court except as follows: Upon the motion for a new trial, counsel for the defendants Andrus submitted affidavits, setting forth, in substance, the argument claimed to be prejudicial, and stating that he had sought to take exception to such argument prior to the time the jury had retired, but the court had refused him this right. Affidavits were filed by the attorneys for the plaintiff and defendants Bross in effect denying that the statements were made to the jury as claimed, and setting forth that there was no attempt on behalf of counsel for the defendants Andrus to take exception to any argument addressed to the jury until after the jury had retired, at which time the attorney for the defendants Andrus started to dictate something to the court reporter in a low voice. The court inquired what was going on, and the attorney explained that he was dictating exceptions to the remarks of counsel. Whereby the court advised him that it was too late to take such exceptions, and refused to allow a record to be made at that time.

At the close of the evidence, the defendant Wilhelmina Andrus moved the court for a directed verdict upon the grounds that she,

as the owner of the car, was not responsible for any negligence of the defendant Wilbur Andrus. The court denied this motion, and instructed the jury, as a matter of law, that, if they found the defendant Wilbur Andrus was negligent and returned a verdict against him, they must also return a verdict against the defendant Wilhelmina Andrus. The verdict was in favor of the plaintiff against the defendants Wilbur Andrus and Wilhelmina Andrus. The defendants Wilbur and Wilhelmina Andrus appeal from the judgment and order overruling motion for a new trial.

We will discuss first the verdict against Wilhelmina Andrus. It will be noted from the statement made above that, at the time of the accident, the defendant Wilbur Andrus was on an independent mission of his own. There was nothing in his use of the car at the time which could be construed as being for any purpose of the mother. If Wilhelmina Andrus is to be held liable, it must be upon the theory of the so-called "family purpose doctrine," with the assumption that, when she furnished this car for the use of the family, she came within the scope of that doctrine. "The substance of the doctrine is that when the father or other head of a famly supplies an automobile for the use and pleasure of the family, permitting the members thereof to use it at will, those members thus using the automobile become the agents of the head of the family, and that each one using it, even for his sole personal pleasure, is carrying out the purpose for which the automobile is furnished, and is the agent or servant of the head of the family, so that the latter is liable for injuries resulting from negligence, under the doctrine of respondeat superior." Norton v. Hall et al, 149 Ark. 428, 232 S. W. 934, 935, 19 A. L. R. 384. As disclosed in the case from which the quotation just above is taken and further disclosed in an annotation in 64 A. L. R. commencing on page 851, there is a direct conflict in the authorities wherein this "family purpose doctrine" has been involved. We are of the opinion, that the better reasoning and the recent trend of the authorities is against sustaining liability upon the basis of this doctrine. Much has been written upon the subject, and we are of the opinion that we could add nothing to the reasoning and arguments advanced in the many cases cited in the above annotation. Some of the courts that at the outset adhered to the doctrine have since abandoned it. We are of the opinion that the doctrine is

unsound, and that the verdict against Wilhelmina Andrus should not stand. In this connection it might be well to add that we are not deciding in this case that there may not be circumstances under which a son or daughter or any other member of the family may not operate the car as an agent for the head of the family or for some member of the family for whose pleasure or benefit the car was being used.

■ ■ In addition to the affidavits submitted by both parties in connection with the arguments made to the jury and the attempt to take exception thereto, the trial court submitted a statement which is a part of this record. This statement of the trial court confirms the affidavits of the plaintiff as to the time when the exceptions were attempted to have been taken, and, in addition thereto, the statement recites that, at the time of the argument, the court gained no impression that the argument was improper and that nothing was said in the argument which "moved the court to even consider the necessity or propriety of admonishing" either counsel to refrain. In view of the record as thus made, this court is not inclined to inquire into the nature of the remarks, now claimed to be prejudicial. The rule is that the objection to argument of counsel must be made at the time of the improper argument, remark, or other misconduct. 3 C. J. 864.

"There is no doubt that, in the excitement of an argument, counsel do sometimes make statements which are not fully justified by the evidence. This is not such an error, however, as will necessarily vitiate the verdict or require a new trial. It is the duty of the defendant's counsel at once to call the attention of the court to the objectionable remarks, and request his interposition, and, in case of refusal, to note an exception." Crumpton v. United States, 138 U. S. 361, 11 S. Ct. 355, 356, 34 L. Ed. 958.

For the purposes of review upon appeal, it is too late to take exceptions to argument of counsel to the jury after the jury has retired. The defendant Andrus was thefore in no way prejudiced by the refusal of the court to allow him to take exceptions to the argument of counsel at the time that the exceptions herein were attempted to be taken.

■ ■ Appellant further contends that the injection into the case of the fact that liability insurance was carried was prejudicial

to the right of his client. In this connection it is material to note that the fact that liability insurance was carried was brought out in the case by a voluntary statement of a witness testifying on behalf of Andrus. The testimony, wherein this was injected into the case has been set out in this opinion. The Andrus' witness was not asked to whom she had made any prior statement regarding the accident, but voluntarily suggested that she had made it to an insurance agent. Just why the answer included this reference to an insurance agent we do not know, but certainly there was nothing in the question requiring this form of answer, and it would not be reasonable to hold the plaintiff accountable because one of Andrus' own witnesses had voluntarily suggested that an insurance company was involved. We are of the opinion that it was within the privilege of counsel for the plaintiff or defendant Bross to determine by cross-examination whether or not the witness had made any prior statement conflicting with the evidence given. Therefore, in conducting the examination of this witness, as it was conducted, there was nothing improper about it except, perhaps, the following question: "Did he tell you when he took this statement whom he was representing?" This question was, however, propounded after the voluntary statement above mentioned, and was never answered. Objection to the question was made, and there ensued a discussion by counsel and court; following the discussion, the question was evidently forgotten, and no answer was ever made. We have examined the record carefully, and can find nothing therein which shows an attempt on behalf of either counsel for the plaintiff or defendant Bross to willfully or intentionally insert into the case the fact that liability insurance was in existence. True, this fact (that liability insurance was carried) did get before the jury, but from the record, as we view it, this was not injected into the case by the plaintiff or the defendant Bross, and we are not inclined to hold the plaintiff accountable therefor. See Jimmie Guest Motor Co. v. Olcott (Tex. Civ. App.) 26 S. W. (2d) 373; Reitz v. Yellow Cab Co., 248 Ill App. 287; Chambers v. Hawkins, 233 Ky. 211, 25 S. W. (2d) 363; Deffenbaugh v. Motor Freight Corp., 254 Mich. 180, 235 N. W. 896.

■ ■ Regarding the claimed prejudicial remark by counsel to the effect that the witness on the stand was trying to harpoon his client: The court instructed the jury to disregard the state-

ment, and told the jury that it was unwarranted and improper; which it was, without question. Jurors, simply because they have been sworn as jurors, do not become devoid of all their faculties to reason. The argument was addressed to the court and not to the jury; the court immediately told the jury that the argument was improper, without foundation, and that they should disregard it. Certainly under these circumstances twelve men, qualified as jurors, could not be unduly swayed or prejudiced by such conduct of counsel. Appellant contends quite earnestly that a new trial should be granted because of misconduct of counsel during this case. We have set forth the principal alleged misconduct, and have considered the entire record, and are of the opinion that the trial court did not abuse its discretion in refusing to grant a new trial on this ground.

"Whether or not a new trial should be granted on the ground of misconduct of counsel in his remarks to the jury rests in the sound judicial discretion of the trial court and the decision of the trial judge thereon will not be disturbed unless it appears that there has been an abuse of such discretion." Whaley et al v. Vidal et al, 27 S. D. 642, 132 N. W. 248, 251.

Appellant further urges the insufficiency of evidence to support the verdict. Nothing would be gained by attempting to detail the facts which incline us to believe that the record justifies the submission of the negligence of Wilbur Andrus to the jury. No doubt the jury could have found a verdict against the defendant Bross, but the fact that the jury did not so find does not in any way go to the sufficiency of the evidence to justify the verdict against Wilbur Andrus. Any attempt to discuss the evidence would unduly prolong this opinion, which, as it is, is no outstanding example of brevity.

The judgment and order appealed from are affirmed as to Wilbur Andrus, and reversed as to Wilhelmina Andrus. Costs will be taxed in favor of respondent and against appellant Wilbur Andrus.

CAMPBELL, P. J., and ROBERTS and WARREN, JJ., concur.

POLLEY, J., absent and not sitting.