WILHELM, Respondent, v. JOHNSON, et al., Appellants
(33 N. W.2d 563.)

(File No. 8953.  Opinion filed August 17, 1948.)

Rehearing Denied Oct. 12, 1948.

**W. M. Potts,** of Mobridge, for Defendants and Appelants Oscar Johnson and Hilma Johnson.

**H. R. Jackson,** of Lemmon, for Plaintiff and Respondent C. A. Wilhelm.

**Leslie Hersrud,** State's Atty., of Lemmon, for Defendant and Respondent Perkins County.

HAYES, J.  Plaintiff brought suit to quiet the title to a quarter section of land in Perkins County.  In addition to a cause of action in the usual or common form under our

statute plaintiff alleged in a second cause that the county held a tax deed dated January 31, 1941, and in substance that defendants Oscar Johnson and Hilma Johnson are in possession of the premises as purchasers from the county under contract in writing dated June 4, 1941, whereunder the said Johnsons are to pay the county for said land the sum of $384.00. Averring that the tax deed was invalid due to errors and irregularities in taxing the land and in selling the same for default in payment of taxes levied, plaintiff conceded that there was due to the defendants either the $384.00 or the unpaid taxes, penalty and interest, whichever is less, and indicated that he was willing to pay the lesser of said sums if the defendants would pay him $600.00 which he states was the reasonable rental value of the land for five years.

Answering separately the county admitted the sale by contract to the Johnsons, pleaded the three year statute of limitations, denied receiving any revenue from the land except contract payments and alleged that taxes, with penalty and interest as of September 26, 1945, amounted to $479.43. An amended answer of the Johnsons claimed title in them and among other things pleaded a settlement of the rights of the parties as evidenced by stipulation in a former action between the parties the body of which stipulation is as follows:

"The several parties to the above entitled action having composed their differences and arrived at a full and complete settlement of the issues of said case; and it having been agreed by the plaintiff that he pay all of the taxes assessed against the land involved therein as a part of such settlement; and the plaintiff having made conveyance of his title to such lands to the defendant Oscar Johnson and wife as a part of such agreement of settlement:

"Now, each and all of the above named parties to this action do hereby Stipulate And Agree that the above entitled action be dismissed forthwith; and that such dismissal be with prejudice and without costs to any of the parties thereto."

The same is dated November 22, 1941, and bears the signatures of plaintiff's attorneys. The Johnsons further plead that a deed to them was executed by plaintiff and delivered to an attorney as recited in said stipulation; that they, the Johnsons, executed notes to plaintiff in the sum of $400.00 and a mortgage encumbering the premises to secure payment of said notes and left the same with said attorney for plaintiff, all pursuant to the settlement referred to in the stipulation, and that these documents were before delivery thereof destroyed by fire. It is also alleged by these defendants that plaintiff agreed to furnish an abstract showing good title to the premises in his name but that such an abstract was not furnished.

After trial of the case to the court a memorandum decision was issued and findings in plaintiff's favor were thereafter entered. The formal decision found that the tax deed was invalid; that the reasonable rental value of the premises was $247.80; that plaintiff had not granted permission to file the stipulation made in the former action and had not authorized a dismissal of said action; that the deed, notes and mortgage had been executed as claimed by the Johnsons; that the Johnsons had failed to pay a cash sum of $200.00 as agreed; that the sale to the Johnsons by plaintiff was to be dependent upon the latter's ability to discharge the tax lien by payment of but the principal amount of delinquent taxes and the payment to plaintiff of the said cash sum of $200.00; that the Johnsons made no delivery of the cash, notes and mortgage and that plaintiff did not pay the taxes or deliver the deed. Upon these findings the court concluded that plaintiff should have title quieted in him if he would pay all taxes, penalty and interest then due, less the rental value of the premises as stated above; that the Johnsons should have returned to them by the county the moneys they had paid under their contract of purchase, less the rental value for the use of the premises; that the former action should be consolidated with the pending suit, and that plaintiff should make payments as directed and in default thereof judgment should be for defendants. Judgment subsequently entered in plain-

tiff's favor recites payment by him pursuant to the court's conclusion.

From such disposition of the case the Johnsons appeal and assign numerous errors some of which assignments question the propriety of the trial court in refusing to dismiss the present action and consolidating the same with the suit brought in 1941. We consider only the assignments argued. It is noted that the memorandum decision above mentioned embraces the ruling of the court that the two actions should be consolidated by order under SDC 33.0917. No formal order of consolidation is found in the record. The ruling by memorandum decision is, however, carried forward in the court's formal decision. No question is raised here respecting the absence of an order of consolidation. Both parties regard the consolidation as having been formally effected.

■■ Reverting to the stipulation in the proceeding of 1941 it is observed that the same recites the making of a full and complete settlement, an agreement by plaintiff to pay all taxes and a conveyance of the property by plaintiff to the Johnsons. When confronted with this stipulation at the trial plaintiff testified that he had not authorized his attorneys or anyone else to file the same, that the understanding between the parties was that he would be able to discharge the tax lien by payment of but the face amount of the taxes and that negotiations looking to a sale by plaintiff to the Johnsons were conditioned upon such contingency. The evidence is altogether sufficient to sustain the trial court's findings. In the absence of authority for an effective delivery thereof the stipulation could not operate as a dismissal of the former action.

■ Appellants argue that the trial court committed error in consolidating the two actions. Our view is that if error was thereby committed the same was at least in part induced by appellants' proposed finding number 9. Having requested such consolidation by the court appellants cannot now be heard to complain on account thereof. St. Paul, M. & M. Ry. Co v. Howard, 23 S. D. 34, 119 N. W. 1032.

■ Urged also by appellants is the contention that the pendency of the prior action was a bar or defense to the subsequent proceeding. The question of abatement was not presented in appellants' answer or by proper motion. On the contrary, and except for appellants' proposed finding number 9, the position of appellants before the trial court was that the former action had resulted in a settlement between the parties and that said action had been dismissed by the stipulation. As stated above, the trial court properly found that the stipulation did not become final and effective. Further, the matter of abatement is waived if not pleaded. SDC 33.1002, last paragraph. Drake v. Great Northern Ry. Co., 24 S. D. 19, 123 N. W. 82

We have carefully considered other points discussed in the briefs of counsel. None of these matters appears to us to justify a reversal of the trial court's disposition of the questions of law and fact submitted below for determination.

The judgment is affirmed, all Judges concurring.