[File No. 7286]

GEORGE GAPPERT, Selma Becker, and P. S. Jungers, Respondents, v. AUGUSTA BORNER, Emelie Muhlhauser, Mathilda Muhlhauser, Bertha Ellwein, Henry Gappert, August Gappert, Fritz Gappert, Theodore Gappert, Emelie Holle Wolf, Henry C. Holle, Raymond Gappert and Charlotte Gappert, Appellants.

(51 NW2d 866)

Opinion filed February 8, 1952.   Rehearing denied March 12, 1952

*Sullivan, Kelsch & Scanlon, Milton K. Higgins, and Floyd B. Sperry,* for appellants.

*J. K. Murray,* for respondents.

MORRIS, Ch. J.   This is an appeal from a judgment of the District Court of Morton County decreeing that an order of the County Court of Morton County, dated October 6, 1950, appointing J. R. Madsen administrator of the estate of Frederick William Gappert, deceased, be reversed and adjudged null and void. The deceased who was also known as Fritz Gappert, a resident of Morton County, died intestate on March 11, 1938.   Shortly thereafter F. C. McCagherty was appointed administrator.   The validity of that appointment was upheld in Borner v. Larson, 70 ND 313, 293 NW 836.   On February 21, 1941, Selma Becker and George Gappert filed a petition in the County Court of Morton County asking that: 1. McCagherty be required to render a final account and report; 2. he be removed as administrator; 3. some fair and impartial person be appointed as his successor to administer the estate.   On February 21, 1941, the court issued a citation to McCagherty and the respondents in this proceeding to appear

for a hearing on March 19, 1941. The hearing was continued and the petition was finally heard upon its merits on July 23, 1941. No order was issued thereon at that time. In the meantime, and on March 22, 1941, McCagherty filed a final account.

On April 17, 1942, the appellants herein, as parties of the first part, and George Gappert and Selma Becker, as parties of the second part, entered into a written agreement which is set out in full in Muhlhauser v. Becker, 76 ND 402, 37 NW2d 352, reciting that: "And whereas, the parties hereto are desirous of composing, adjusting, compromising and settling finally such disputes and litigation," and setting forth in detail a settlement arrived at between the parties, after which it was provided: "In consideration of the foregoing agreements of the first parties, the second parties hereby agree to dismiss with prejudice all legal actions or proceedings brought by them in regard to the probate of said estate including all objections to the administrator's final report and account which are now pending in County Court, and District Court of Morton County, or either of them, or in the Supreme Court, and they hereby release and relinquish all claims which they have heretofore made to a share and interest in said estate as adopted children of said decedent, or on any other account."

This agreement was filed in the County Court of Morton County on April 20, 1942. Thereafter, McCagherty filed a supplemental account and on April 22, 1942, the county court entered an order allowing McCagherty's final report. On April 23, the county court made a final decree of distribution decreeing the distribution of the property of the estate in accordance with the provisions of the written agreement. No final discharge of the administrator was issued. The final decree bears this inscription, dated May 4, 1942, over the signature of the then judge of the county court: "This decree is cancelled and annulled in that it was procured by fraud and misrepresentation, and this court committed error in issuing same."

On May 4, 1942, the county court issued two ex parte orders. One was an "Order Revoking Order Allowing Final Account." The other order declared the settlement agreement made on April 17, 1942, and filed on April 20, 1942, cancelled and annulled on the grounds of fraud and misrepresentation.

On May 7, 1942, the county court entered an "Order Revoking Decree of Distribution" without notice and wholly ex parte. On May 7, 1942, the court also issued its order removing Mc-Cagherty and appointing P. S. Jungers as administrator. This order was also made without notice and ex parte, unless, as the respondents on this appeal contend, the citation issued on February 21, 1941, and the hearing had pursuant thereto on July 23, 1941, can be considered notice or appearance.

On July 8, 1942, the county court issued a citation to Jungers and to the appellants herein requiring them to show cause on July 27, 1942, why Jungers should not file a final account and why the estate should not be distributed to George Gappert and Selma Gappert Becker. The matter was continued until August 7, 1942, when the county court, over the objection of opposing parties, entered a "Decree and Judgment" approving the report of Jungers and decreeing that Selma Gappert Becker and George Gappert were the owners, share and share alike, of the property and estate of the deceasd. It was also provided that Jungers continue in office as administrator for the purpose of bringing an action against McCagherty and the sureties on his administrator's bond. An appeal was taken to the district court and ultimately reached this court in Muhlhauser v. Becker, 74 ND 90, 20 NW2d 364. Upon that appeal we held that the county court has no power to remove a duly appointed administrator and to substitute another in his place without due notice to the administrator and those interested in the estate. The order of the county court allowing the final report and account of Jungers was reversed by the district court and the reversal affirmed by this court. The direction to Jungers to proceed with the administration was eliminated. Our comments on the removal of Mc-Cagherty will be referred to later in this opinion.

On March 4, 1943, Selma Becker and George Gappert filed a "Petition for Re-hearing of Order Allowing Final Decree of Distribution, Dated April, 23, 1942." The county court had already made two ex parte attempts to dispose of this decree— one by an endorsement of cancellation on May 4, 1942, and the other by a separate order declaring it to be revoked and annulled on May 7, 1942. A citation was issued and served pursuant to

which a rehearing was had on June 7, 1943, when the county court for the third time made an order annulling and vacating the decree of distribution. Despite the emphasis on this rehearing by the respondents, it does not appear to cure the invalidity of the order issued over a year previous purporting to remove McCagherty.

F. C. McCagherty died on October 6, 1948, whereupon Augusta Borner filed a petition in the county court setting forth the fact of his death and alleging that he was the administrator of the estate of the deceased and praying for the appointment of J. R. Madsen as administrator to complete the probate of the estate. A hearing was had on this petition and, on October 6, 1950, an order appointing J. R. Madsen administrator was issued, which was followed by the issuance to him of letters of administration on October 17, 1950. P. S. Jungers appealed to the District Court of Morton County from the order of the county court appointing Madsen administrator. The district court held that Jungers was the duly appointed, qualified and acting administrator and that the appointment of Madsen was void. An appeal to this court was then taken by Augusta Borner and the other appellants herein.

The crucial question in this controversy now is the validi' and effect, if any, of the county court's order of May 7, 1942, removing McCagherty as administrator and appointing Jungers as his successor. This was the situation before the county court at the time that order was entered. On February 2, 1941, Selma Becker and George Gappert had filed a petition asking for the removal of McCagherty and the appointment of a successor, pursuant to a citation duly issued and served upon all adverse parties. The matter was heard on July 23, 1941. All parties appeared in court at this hearing. No order was made at that time, either continuing the matter or determining it. Shortly thereafter negotiations were undertaken by the parties themselves to settle their differences. The negotiations resulted in the agreement of April 17, 1942, excerpts from which we have previously quoted. George Gappert and Selma Becker later attempted to repudiate the agreement. This resulted in litigation which was appealed to this court in Muhlhauser v. Becker,

76 ND 402, 37 NW2d 352, wherein the district court was directed "to render judgment adjudging that the compromise agreement is valid, and binding upon the parties thereto, and fixes the rights of such parties in the property covered by such agreement."

This agreement contained a stipulation whereby the parties agreed to dismiss with prejudice all legal actions brought by George Gappert and Selma Gappert Becker regarding the probate of the estate, including all objections to the administrator's final report and account which was then pending in the county court. When this agreement was filed with the county court on April 20, 1942, it was the duty of the court to dismiss the petition that had been filed on February 21, 1941, asking for the removal of McCagherty as administrator. The agreement was binding on the parties and on the court. Dunn v. Wallingford, 47 Utah 491, 155 P 347; Lappinen v. Union Ore Co. 224 Minn 395, 29 NW2d 8; Lewis v. Lambros, 58 Mont 555, 194 P 152; Holcombe v. Leavitt, 124 NY Supp 982; 50 Am Jur, Stipulations, Section 9. Two days after the agreement was filed, McCagherty filed a supplemental report, and on April 22, 1942, the county court entered an order allowing the final report of the administrator, in accordance with the stipulated terms of the agreement whereby all objections to the report had been withdrawn. It was also stipulated in the agreement "that the final decree of distribution entered by the court herein be made in conformity with this agreement."

On April 23, 1942, the county court made a final decree of distribution, distributing the estate in accordance with the provisions of the agreement. Up to this point the agreement had been executed, filed, acted upon by the court, and carried out to the extent of decreeing distribution of the estate. The only thing then remaining to be done was for the administrator to carry out the terms of the decree of distribution as provided by statute and receive his discharge, in compliance with this provision of Section 30–1209 NDRC 1943: "After he has accounted fully and paid over all money which is found to be due from him to the estate and has delivered over all books, papers, and

other property of the estate in his hands as the court directs, a decree shall be made discharging him and revoking his letters."

On May 4 the county court completely reversed his position regarding the matter and made two separate ex parte orders. One declared the settlement agreement of April 17, 1942, null and void on the ground of fraud. This order was clearly void as being wholly in excess of the court's jurisdiction and it is not contended that it had any effect. The other order made on May 4, 1942, revoked the former order allowing McCagherty's final report and account. On May 7 another ex parte order purported to vacate the final decree of distribution. Since the county court's order declaring the settlement agreement null and void was wholly without force and effect, that agreement continued to be binding upon both the parties and the court. Nevertheless, on May 7, 1942, the county court issued the crucial order in this controversy removing McCagherty and appointing Jungers as administrator of the estate. A rehearing was later had upon notice with respect to the final report and account and the final decree of distribution, but no rehearing was ever had on the removal of McCagherty. The respondents on this appeal argue that the order removing him was not ex parte and that it was issued in the proceeding instituted by the filing of the petition of Selma Becker and George Gappert on February 2, 1941, asking for the removal and upon which a hearing was held on July 23, 1941. But it must be remembered that these proceedings were had before the parties entered into a settlement agreement on April 17, 1942, which formed the basis upon which the county court acted in allowing the final report of McCagherty and decreeing distribution of the estate. If we bear in mind that the orders of May 4 were void for want of notice, it appears clear that when the order of May 7, 1942, was issued removing McCagherty and appointing Jungers, McCagherty's final account had been allowed by the court and there was in effect an unrevoked decree of distribution directing him to distribute the assets of the estate. If the decree of distribution was revoked at all, it was not until the rehearing on June 7, 1943. The county court could not reach over the intervening events, as disclosed by the settlement of the parties and the court's own orders in

compliance therewith, to the citation of February 21, 1941, and the hearing of July 23, 1941, as a basis for entering an order on May 7, 1942, removing McCagherty. The citation and hearing had been sterilized by the subsequent stipulation of the parties and the acts of the court pursuant thereto which had not been revoked or annulled. We reach the conclusion that the order of May 7, 1942, was wholly void. It neither removed McCagherty nor appointed Jungers. This is the second time this court ha reached that conclusion. In Muhlhauser v. Becker, 74 ND 90, 20 NW2d 364, we said these things: "the trial court should have held that at the time this appeal was taken, Jungers was not the administrator of the estate, therefore, 'his report' was annulled." and "The real situation is that at the time Mr. Jungers made this report he was not the legally appointed administrator and the trial court should have so held. Mr. McCagherty had not been removed legally."

Upon petition for rehearing in that case we pointed out that we did not pass on the effect of the rehearing in county court had on June 7, 1943, but no modification was made of the statements above quoted.

The respondents on this appeal argue that the order appointing Jungers was at the most voidable and not void and that the appointment of Madsen after the death of McCagherty was a collateral attack upon the order appointing Jungers and that such an attack cannot be sustained. The respondents' argument in this respect is without avail. McCagherty was originally the legally appointed administrator. This is not questioned. We have here determined that the order removing him was void. It follows that the appointment of Jungers was also void.

"After a probate court has duly appointed a competent person administrator, it can make no further appointment to that office until the occurrence of one of those events or disabilities which either temporarily or permanently vacate the office, such as the death of the incumbent, the repeal of his authority, or his resignation. An appointment made before the happening of any of these contingencies is totally void. In other words, as long as letters of administration previously granted are still in force, a second grant of letters of administration is void and open to

collateral attack, and it has been held that this is true although the letters first issued were fraudulently obtained." 21 Am Jur, Executors and Administrators, Section 127.

This section is quoted in Landrum v. Louisville and N. R. Co. 290 Ky 724, 162 SW2d 543, as stating the general rule. In Luckey v. Superior Court, 209 Cal 360, 287 P 450, it is said:

"A vacancy must occur by order of court in the administration of an estate before the court has the power to appoint an administrator to take the place of one who has been appointed to administer the affairs of an estate. . . .

"If, as respondents contend, it appears upon the face of the proceedings for appointment that the court exceeded its jurisdiction, said decree of appointment was void, and the court was not required before appointing a special administrator to follow the statutory procedure for removal of an administrator, but was warranted in treating said decree as a nullity."

The appointment of Jungers was void. McCagherty was the lawful administrator. Upon his death a vacancy in that office was created. The county court was warranted in treating the appointment of Jungers as a nullity and filling the vacancy by the appointment of a successor to McCagherty, which the court did by the appointment of Madsen.

The respondents further argue that even though the order appointing Jungers and the letters of administration issued to him pursuant to that order be void, they are sufficient to constitute color of title to the office of administrator and that therefore Jungers was a de facto administrator. This intriguing argument is unsound for it ignores the principle of the de facto doctrine which was designed and developed to protect the interest of third parties who deal in good faith with persons purporting to exercise the duty and authority of officers without having strict legal authority to do so. It was never intended to protect or vindicate the rights claimed by a de facto officer under authority which he does not legally possess. Jungers cannot argue that he is a de facto officer and administrator, and therefore, the court could not appoint a lawful administrator. 43 Am Jur, Public Officers, Section 470.

The trial court erred in determining that P. S. Jungers was

the lawful administrator of the estate of Frederick William Gappert, also known as Fritz Gappert, deceased, and that the order of the county coutr appointing J. R. Madsen was void. The judgment appealed from is reversed and the case is remanded with directions to the trial court to cause judgment to be entered in accordance herewith and transmitted to the judge of the County Court of Morton County as provided by law.

BURKE, SATHRE, CHRISTIANSON and GRIMSON, JJ., concur.