ESTATE OF HOFER

HOFER, Appellant v. HAMRE, Respondent

(238 N.W.2d 496)

(File No. 11579. Opinion filed February 13, 1976)

Petition for rehearing denied March 22, 1976

**Charles Lacey**, Sioux Falls, for petitioner and appellant.

**S. D. Sherwood**, Clark, for defendant and respondent.

DOYLE, Justice.

This is a contest over the right to administer a will. It was brought by Ella Hofer (Ella), the executrix named in the will of David G. Hofer, deceased, against the subsequently appointed administrator with will attached, M. S. Hamre. Ella asserts that Hamre's letters must be revoked because Hamre was appointed while her power as executrix, although suspended, was not revoked, and because the hearing removing her was inadequate.

Hamre contends that Ella is estopped to assert that his letters should be revoked because, among other reasons, Ella requested his appointment. Ella asserts that she cannot be estopped from making her challenge because the order appointing Hamre is void.

The trial court held against Ella. We affirm.

Ella Hofer was named as executrix in the will of David G. Hofer, deceased, her father. Ella was duly appointed, but on October 13, 1972, David Hofer's son, Dennis Hofer, filed a petition to remove his sister, Ella, as executrix. A valid order suspending Ella was issued on the same day. Subsequently, on October 24, 1972, a hearing was held. The court orally ruled that Ella's letters testamentary be revoked and requested the attorney for Dennis Hofer to prepare findings of fact, conclusions of law and an order to that effect. All parties and the trial court concede that this was never done.

On November 21, 1972, Ella signed a petition asking for the appointment of M. S. Hamre as administrator with will annexed. Joyce Hofer, Ella's sister, joined in the petition. Hamre was appointed administrator on December 12, 1972, and has acted in this capacity until now. On various occasions, between the time of Hamre's appointment and Ella's decision to contest that appointment, Ella participated in probate proceedings. On June 28, 1974, roughly a year and a half after she had petitioned for the appointment of Hamre, Ella submitted a petition asking for the revocation of Hamre's letters of administration. The trial court denied her request.

This court must decide several issues in determining this appeal. First, was the appointment of M. S. Hamre void because Ella's powers had merely been suspended and had not been revoked? According to Ella, if we decide that the appointment was void, our inquiry would end, for one cannot be estopped to assert that an order is void. Second, if the appointment is not void, is Ella estopped from asserting the irregularity of the appointment?

As noted, we must first determine if the order appointing Hamre is void. Hofer correctly contends that the order revoking her letters testamentary was not valid because it was not "reduced to writing, signed by the court or judge, attested by the clerk and filed in his office" pursuant to SDCL 15-6-58. See Stephens v. Faus, 20 S.D. 367, 106 N.W. 56; Foss v. Spitznagel, 77 S.D. 633, 97 N.W.2d 856. Ella next asserts that Hamre's appointment must have been void because the court lacked jurisdiction to grant letters to Hamre while her appointment was still outstanding. See Griffith v. Frazier, 1814, 8 Cranch 9, 3 L.Ed. 471; Hyde v. C.I.R., 1962, 2 Cir., 301 F.2d 279; Gappert v. Borner, 1952, 78 N.D. 760, 51 N.W.2d 866; 31 Am.Jr.2d, Executors and Administrators, § 101. The courts apparently find the appointment of the second administrator to be void because of the lack of jurisdiction over the subject matter. Griffith v. Frazier, supra. The situation in this case, however, is easily distinguishable from that in the authorities cited. In this case the trial court had indisputably entered a valid written order suspending Ella. None of the cited authorities considers a comparable set of facts.

In this context, then, we must consider whether the court here lacked subject matter jurisdiction to grant letters to Hamre. 7 Moore's Federal Practice ¶ 60.25[2], p. 304, sets out the general rule as to whether a court lacks subject matter jurisdiction.

> "In brief * * * except for the rare case where power is plainly usurped, if a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgment, whether right or wrong, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned."

Our examination of the record does not reveal the prerequisite "plain usurpation" of power so as to bring with it a lack of subject matter jurisdiction. A valid order of suspension had been regularly entered by the trial court and a hearing on the revocation order itself was held with all parties in attendance and represented by their attorneys. The trial court, though acting in error, did not plainly usurp its power.

Thus, while the appointment of a second administrator may be void when the powers of the first administrator remain unsuspended or unrevoked (a question we do not decide here), we hold that the appointment of a second administrator is not void for lack of subject matter jurisdiction after the first administrator has been validly suspended and a hearing with notice has been held upon the revocation of the powers of the first administrator.

We note in concluding our discussion of this issue that our holding is in accord with the principal stated in Moore that "in the sound interest of finality, the concept of the void judgment must be narrowly restricted." 7 Moore's Federal Practice ¶ 60.25[2].

■ The next question for consideration is whether Ella is estopped from contesting the irregular appointment of Hamre on the grounds that her powers were unrevoked for the reason that she requested that appointment. We find that she is estopped.

Our research has revealed that the cases almost universally hold that one who invites error in a lower court is estopped to assert that error in the appellate court. Wilhelm v. Johnson, 1948, 72 S.D. 316, 33 N.W.2d 563; Behseleck v. Andrus, 1932, 60 S.D. 204, 244 N.W. 268; 5 Am.Jur.2d, Appeal and Error, § 713. In one estate case, for example, a bank could not "appeal from the order extending the time to file a claim because it had petitioned for entry of the same." In re Baumgarten's Estate, 1961, 12 Wis.2d 212, 107 N.W.2d 169.

We hold that Ella is estopped to deny the validity of the order appointing Hamre because she joined in the petition to the court for that order.

■ The next issue which Ella raises is that the hearing removing her was inadequate. We note that the hearing was irregular in that the only testimony was the unsworn statements of the attorneys in the case, and Ella was never called to testify. However, her attorney admitted that some friction existed between the parties. The court was also cognizant from the file that Ella, as executrix, had taken some actions without first obtaining

the approval of the court. Furthermore, all the parties, including Ella, had notice, all attended and all were represented by attorneys. Ella stated in her petition for final discharge that she was removed "after due hearing." Under these circumstances, Ella will not now be allowed to contest the validity of the hearing removing her. See Gibbs v. Bergh, 1927, 51 S.D. 432, 214 N.W. 838.

To summarize, we have determined that the order appointing Hamre as administrator with will attached, while not void, was irregularly entered. Ella, however, is estopped to assert the irregularity because she sought the order. We further conclude that the trial court should consider entry of an order nunc pro tunc to remedy irregularities in the appointment of Hamre. See SDCL 15-6-60(a).

Affirmed and remanded for proceedings not inconsistent with this opinion.

DUNN, C. J., and WOLLMAN and COLER, JJ., concur.

WINANS, J., concurs in result.

WINANS, Justice (concurring in result).

I am concurring in the result in the case of Estate of Hofer. I think the basis for the opinion which should go out of this Court is "estoppel" and I would bottom the opinion solely on that issue.

The majority opinion asserts that this Court must first determine if the order appointing Hamre is void, then the opinion is weakened by stating that "Ella correctly contends that the order revoking her letters testamentary was not valid * * *." Now if Ella correctly makes that contention, that ends the case. I don't think her contention is correct and I would not get into it. I would simply say she is estopped to make such a contention. I am in some doubt as to whether we should advise a lower court to consider entry of an order nunc pro tunc. If we say that Hamre is the duly appointed administrator, I see no need for a nunc pro tunc order and if he isn't acting with jurisdiction, a nunc pro tunc order would cure nothing.