**In the Matter of the ESTATE OF John Merriam JOHNSON, Jr., Deceased.**

**Doris STRATTON and Raymond Johnson, Petitioners and Appellants,**

v.

**Joseph E. HABEGER, Administrator and Appellee.**

**No. 14124.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 29, 1983.

Decided Feb. 15, 1984.

Jerome B. Lammers of Lammers, Lammers, Kleibacker & Casey, Madison, for petitioners and appellants.

John E. Burke, Sioux Falls, for administrator and appellee.

WOLLMAN, Justice.

This is an appeal from an order appointing Joseph Habeger as administrator of the estate of John Merriam Johnson, Jr., deceased. We affirm.

Decedent died intestate in September of 1982. It is uncertain whether there are any living heirs on decedent's mother's side of the family. On his father's side, the closest living heir is his uncle, Samuel Johnson. Decedent also predeceased several cousins.

Near the time of decedent's funeral some of the cousins agreed that Arvin Stratton, the husband of decedent's cousin Doris should serve as administrator. Deloris Habeger, daughter of Samuel Johnson, was one of the cousins who joined in this decision. On September 20, 1982, Doris Stratton and Deloris Habeger filed a petition requesting that Arvin Stratton be issued letters of administration.

After receiving additional information regarding intestate succession, Deloris Habeger, on October 12, 1982, filed an objection to the appointment of Arvin Stratton as administrator. On the same day she also filed a petition requesting that letters of administration be issued to her or to her husband, Joseph Habeger, who in November of 1981 had been appointed guardian of the person and estate of Samuel Johnson after a declaration of the latter's incompetency. At the time the objection and second petition were filed the court had not yet acted on the earlier petition.

A hearing was held on December 8, 1982. The circuit court announced its decision regarding the matter from the bench and on December 16, 1982, issued an order appointing Joseph Habeger as administrator of decedent's estate. Findings of fact and conclusions of law were not entered until December 29, 1982.

Appellants are Doris Stratton and Raymond Johnson, another of decedent's cousins. Their first contention is that pursuant to SDCL 15–6–52(a), the order appointing administrator was void because it was entered prior to the entry of findings of fact and conclusions of law.

In *Stanton v. Saks*, 303 N.W.2d 819 (S.D.1981), we held that where a judgment was entered without findings of fact or conclusions of law and where no waiver of findings or conclusions appeared in the record, the judgment lacked foundation upon which it could be based. Unlike the case at hand, the record on appeal in the *Saks* case contained no findings of fact to afford us an understanding of the basis of the trial court's decision.

■ In *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939), findings of fact and conclusions of law were not filed for more than a month after the entry of the trial court's order. The Court concluded that although "[b]etter practice dictates the filing of the findings of facts and conclusions of law before or contemporaneously with the order or decree," reversing the order and remanding the case "would be useless." 307 U.S. at 78, 59 S.Ct. at 732, 83 L.Ed. at 1119. While SDCL 15–6–52(a) contemplates that the trial court enter findings of fact and conclusions of law prior to the entry of judgment, appellants were not prejudiced by the trial court's failure to do so. We accordingly conclude that it would be an idle act to reverse the order and remand the case to the circuit court. *See generally* 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 52.06[4] (2d ed. 1982).

Samuel Johnson is decedent's next of kin. *See* SDCL 29–1–12. Pursuant to SDCL 30–9–1(6), Samuel Johnson, if competent, would be entitled to administer the estate.[1]

---

1. SDCL 30–9–1 provides:
   Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

   (1) The surviving husband or wife, or some competent person whom he or she may request to have appointed;
   (2) The children;
   (3) The father or mother;
   (4) The brothers or sisters;
   (5) The grandchildren;

Since Samuel Johnson has been adjudged incompetent, SDCL 30–9–7 applies. This statute provides:

> If any person entitled to administration is a minor or an incompetent person, letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court.

■ Although Joseph Habeger may not have been entitled to letters of administration as a matter of absolute right, *see In re Estate of Williams*, 240 N.W.2d 74 (S.D. 1976), he clearly had a preferential right of appointment. Appellants do not challenge his competency to serve as administrator.

Notwithstanding the foregoing statutes, appellants contend that Joseph Habeger forfeited his right to be appointed as administrator because he acquiesced in the petition requesting the appointment of Arvin Stratton and because he did not himself object to the appointment of Stratton or himself petition the court for letters of administration. Appellants also contend that having joined in the petition requesting the appointment of Arvin Stratton, Deloris Habeger should now be estopped from seeking to have her husband appointed. We do not agree with either contention.

■ Appellants point to SDCL 30–9–17, which provides: "Letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to the administration, which such persons fail to appear and claim the issuing of letters to themselves." Although it is true that Joseph Habeger did not sign the petition requesting that he be appointed as administrator, we do not believe that that fact constituted a failure to appear and claim the appointment within the spirit of SDCL 30–9–17.[2] In view of the fact that the petition requesting his

appointment was signed by his wife, it would defy reality to say that he failed to appear and claim the issuing of letters to himself.

We have defined waiver as follows:

> A waiver exists "where one in possession of any right, whether conferred by law or by contract, and of full knowledge of the material facts, does or forbears the doing of something inconsistent with the existence of the right or of his intention to rely upon it...."

*Western Casualty and Sur. Co. v. American Nat'l Fire Ins. Co.*, 318 N.W.2d 126, 128 (S.D.1982) (quoting *Wieczorek v. Farmer's Mut. Hail Ins. Ass'n*, 61 S.D. 211, 216–17, 247 N.W. 895, 897 (1933); *Noem v. Equitable Life Ins. Co.*, 37 S.D. 176, 180, 157 N.W. 308, 309 (1916)).

■ At the time Deloris Habeger signed the first petition she was unaware of the laws of intestate succession and apparently unaware of their effect on the right of appointment to administer an estate. The record does not disclose that Joseph Habeger possessed this knowledge prior to his wife's securing the information from their attorney. There was no unreasonable delay in their acquiring this knowledge, and the trial court received the objection to the appointment of Arvin Stratton prior to acting on the first petition. Under these circumstances, then, the circuit court was fully justified in not finding a waiver or forfeiture by Joseph Habeger of his preferential right to appointment as administrator.

■ Likewise, the court did not err in refusing to hold that Deloris Habeger was estopped from petitioning for this appointment. Had she stood idly by and permitted the court to take action on the first petition, the claim of estoppel might well have

---

(6) The next of kin entitled to share in the distribution of the estate;

(7) The nominee of the state, as designated by the attorney general or other proper officer of the state, in all cases where there is a failure of heirs of the seven classes hereinbefore designated, in which case the state, as the ultimate heir in the line of succession, shall be entitled to control the administration of the estate;

(8) The creditors;

(9) Any person legally competent.

2. We note that it does not appear that Arvin Stratton signed the September 20, 1982, petition asking that he be appointed administrator.

had merit. *See Matter of Hofer's Estate,* 90 S.D. 140, 238 N.W.2d 496 (S.D.1976). Here, however, her timely renunciation of and objection to the first petition before any action was taken on it precludes any claim of estoppel.

The order is affirmed.

All the Justices concur.